UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case Number: _____

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

     Defendant.

_____/

## DEFENDANT, DOLGENCORP, LLC, A Foreign Limited Liability Company's NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, by and through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. In support hereof, the Defendant states as follows:

1.     On or about December 21, 2021, a civil action was filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida with said case being captioned *PAULETTE MCLAREN v. DOLGENCORP, LLC, A Foreign*

Page 1 of 14

*Limited Liability Company,* Case No: 2021-CA-2239. This is a personal injury case based on alleged negligence arising from premises liability.

2.    The removing party is the Defendant in the above-described action.

3.    On or about December 29, 2021, Defendant was served with a Summons and Complaint through service upon Corporation Service Company, its registered agent. This was Defendant's first notice that this lawsuit was filed.

4.    Plaintiff's Complaint demand was in excess of $30,000.00 exclusive of all interest, costs, and attorney's fees, which is within the jurisdictional limits of the circuit court.

5.    On January 18, 2022, Defendant served written discovery upon Plaintiff attempting to determine whether the amount in controversy exceeded $75,000.00.

6.    On February 18, 2022, Plaintiff served Verified Answers to Defendant's Interrogatories. A copy of the Verified Answers to Interrogatories are attached hereto as Exhibit "A". Among other things, in the interrogatories served upon Plaintiff, she was asked questions regarding medical bills and expenses within Defendant's Interrogatory Number 11.

**Defendant's Interrogatory No. 11:**
**List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the charge, the date incurred, the name and business address of the**

person or entity to whom each was paid or is owed, and the type of goods or services for which each was incurred.

**Plaintiff's Answer to Interrogatory No. 11:**
I rely on my medical records as the total amount is unknown at this time as treatment is ongoing and amounts are expected to change; however please see below as I have incurred medical expenses relating to my injuries sustained as a result of this incident. Discovery is ongoing.

| Name | Address | Date(s) of Service | Billed: |
|---|---|---|---|
| Spine & Injury Associates | 9305 SE Maricamp Rd Ocala, L 34472 | 12/30/2020 – 2/9/2021 | $7,762.00 |
| AdventHealth Ocala | 101 Paramount Drive, Suite 320 Sarasota, FL 34232 | 12/28/2020 | $2,987.10 |
| A1 Imaging of Ocala | 301 SE 17th Street Ocala, FL 34478 | 2/3/2021 – 3/19/2021 | $6,450.00 |
| Alliance Spine & Joint | 4730 N. Habana Ave Suite 104 Tampa, FL 33614 | 3/22/2021 – 11/1/2021 | $47,892.96 |
| Habana Ambulatory Surgery Center | 4730 N Habana Ave Tampa, FL 33614 | 4/26/2021 | $100,280.00 |
| Habana Ambulatory Surgery Center | 4730 N Habana Ave Tampa, FL 33614 | 10/18/2021 | $81,207.00 |
| Physician Partners of America CRNA Operations, LLC | 1736 33rd Street Orlando, FL 32839 | 10/18/2021 | $19,200.00 |
| Surgiclear, Inc | 815 SE 1st Avenue Suite A Hallandale, FL 33009 | 4/21/2021 | $600.00 |
| Churchill Surgical Instruments, Inc. | 2875 NE 191 St Suite 905 Miami, FL 33180 | 10/27/2021 | $16,950.00 |
| Alliance Spine & Joint | 4730 N Habana Ave Suite 104 Tampa, FL 33614 | 10/18/2021 | $80,419.12 |

Plaintiff was further asked about lost income or wages in Defendant's Interrogatory Number 12:

> **Defendant's Interrogatory No. 12:**
> **Do you contend that you have lost or will lose any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, for past and/or future compensation, please state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.**
>
> **Plaintiff's Answer to Interrogatory No. 12:**
> **I have lost income due to doctor visits and missed time for work after surgery. As I am still treating for my injuries the amount of lost income in the past and future is unknown at this time.**

7.      In addition to past medical expenses and lost income, Plaintiff seeks other damages in Plaintiff's Complaint.

8.      Paragraph 12 of Plaintiff's Complaint, in her prayer for relief, requests damages for "severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairments of earning capacity and/or permanent aggravation of a pre-existing condition." Further, Plaintiff alleges in this paragraph that the

damages are "permanent or continuing in their nature and the Plaintiff, PAULETTE MCCLAREN will suffer losses into the future."

9.      Plaintiff's Answers to Interrogatories identified medical expenses in the amount of $363,748.18.

10.     Without including amounts for pain and suffering, or lost income or future medical expenses, Plaintiff clearly identified in her Answers to Interrogatories past medical bills in the amount of $363,748.18. Thus, without even considering lost income, pain and suffering and future lost medical bills, Plaintiff is clearly seeking damages which exceed this Court's $75,000.00 threshold for diversity jurisdiction.

11.     Prior to filing suit, through her counsel, Plaintiff sent a presuit demand on November 5, 2021 for $750,000.00. The presuit demand claimed medical expenses in the amount of $365,000.00 and was sent on November 22, 2021. A month later, when Plaintiff filed suit, Plaintiff only stated the amount in controversy exceeded $30,000.00.

12.     Because the presuit demand provided before the Complaint and is considered posturing, Defendant could not remove this matter at the time the lawsuit was filed where Plaintiff only identified damages in excess of $30,000.00.

13.     Defendant is not entitled to rely on the posturing of a presuit demand to meet its burden of removal. At the time the Complaint was filed, the

Complaint stated that Plaintiff was seeking in excess of $30,001.00 which does not exceed the jurisdictional threshold of this court. Thus, the case stated in the Complaint was not immediately removable upon filing because it did not demonstrate damages in excess of $75,000.00. Accordingly, the removal of the case is governed by the second paragraph of 28 U.S.C. § 1446(b). As the court noted in <u>Chapman v. Powermatic, Inc.,</u> 969 F. 2d 160, 164 (5th Cir. 1992), the second paragraph of §1446(b) only applies when the case stated by the initial pleading is not removable. "The plain language of the second paragraph of § §1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' **after** receiving the initial pleading." <u>Chapman,</u> 969 F. 2d at 164 (emphasis added).

14.     The plain language of 28 U.S.C. § 1446(b) requires that, if an "other paper" triggers the running of the second paragraph's thirty-day time period, then a defendant must receive the "other paper" after receipt of plaintiff's initial complaint.

15.     Pursuant to the requirements of 28 U.S.C. § 1446(b), even though the case was not removable based on the initial pleading, "a removal may be filed within thirty (30) days after receipt by the Defendant through service or otherwise a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become

removable". Plaintiff's Answers to Interrogatories dated February 18, 2022, meet the 28 U.S.C. § 1446(b) requirement of "other paper". Plaintiff's answers to interrogatories clearly identify that her alleged past medical bills alone, which Plaintiff is seeking in this matter, exceed the jurisdictional threshold of this Court, satisfy the "other paper" requirement of 28 U.S.C. § 1446(b).

16.     This Notice of Removal and Supporting Memorandum of Law is filed within thirty days after receiving Plaintiff's Answers to Defendant's Interrogatories in the above-described action. Thus, we have promptly filed this Notice of Removal and Supporting Memorandum of Law.

17.     At all times material hereto the Plaintiff, PAULETTE MCLAREN, was and is a citizen of the State of Florida. See paragraph of 2 of Plaintiff's Complaint and Plaintiff's Answer to Defendant's Interrogatory, Number 3, which describes all the residences Plaintiff has lived in the past ten years, all of which are Florida residences.

18.     DOLGENCORP, LLC is a Foreign Limited Liability Company organized in the State of Kentucky. (Please see Exhibit "B".)

19.     DOLGENCORP, LLC filed its Articles of Organization in the State of Kentucky in 2008. (Please see Exhibit "B".)

20.     DOLGENCORP, LLC's principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072. (Please see Exhibit "B".)

21.     DOLGENCORP, LLC is a wholly owned subsidiary of DOLLAR GENERAL CORPORATION. (Please see Exhibit "B".)

22.     DOLGENCORP, LLC is a manager-managed limited liability company, and DOLLAR GENERAL CORPORATION is the sole member of DOLGENCORP, LLC. (Please see Exhibit "B".)

23.     DOLLAR GENERAL CORPORATION is incorporated in the State of Tennessee. (Please see Exhibit "B".)

24.     DOLLAR GENERAL CORPORATION'S principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072. (Please see Exhibit "B".)

25.     The above-described action wholly involves citizens of different states, and this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. As Plaintiff, PAULETTE MCLAREN, is a citizen of the State of Florida and Defendant, DOLGENCORP, LLC, is a citizen of the States of Kentucky and Tennessee, and as this Court and Division encompasses the place where the above-described action is pending, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

26.     In compliance with Local Rule 4.02 (b) of the United States District Court of the Middle District of Florida and 28 U.S.C. § 1446, copies of all State court processes, pleadings, orders and other papers or exhibits of every kind, that have been filed in the State court action are attached hereto as Exhibit "C".

27.     A copy of this Notice of Removal and Supporting Memorandum of Law has been filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida with a copy being attached hereto as Exhibit "D".

WHEREFORE, Defendant, DOLGENCORP, LLC, respectfully requests that the state court case now pending in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida be removed to the United States District Court for the Middle District of Florida, Ocala Division.

## MEMORANDUM IN SUPPORT
## OF DEFENDANT'S NOTICE OF REMOVAL

### I.      STATEMENT OF CASE

Plaintiff, PAULETTE MCLAREN, alleges in her Complaint that on or about the 28TH day of December 2020, while Plaintiff, PAULETTE MCLAREN, was in the Defendant's business, slipped and fell on a broken jar of food. Plaintiff, PAULETTE MCLAREN, asserts the following damages in her Complaint, stating that she "severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairments of earning capacity and/or permanent aggravation of a pre-existing condition." Additionally, Plaintiff, PAULETTE MCLAREN, asserts her losses "are either permanent or continuing."  Plaintiff's Complaint demanded damages in excess of $30,000.00. Subsequently, Plaintiff answered in

her Interrogatories on February 18, 2022, that she seeks past medical bills in the amount of $363,748.18. Plaintiff's alleged past medical bills alone exceed this Court's jurisdictional requirement. Defendant's counsel received Plaintiff's Answers to Interrogatories on February 18, 2020.

## II.      FEDERAL COURT JURISDICTION

Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between, among other things, citizens of different states.  Based on 28 U.S.C. § 1332 (c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, …".

While the Plaintiff merely alleged damages in her Complaint in excess of the minimum jurisdiction of the Circuit Court, Plaintiff, PAULETTE MCLAREN, has now affirmatively alleged that the past medical bills in this matter exceed the $75,000.00 jurisdictional requirement of this District Court based on Plaintiff's own discovery responses. At the time of filing the Complaint, Plaintiff, PAULETTE MCLAREN, demanded in excess of $30,000.00, which is below this Court's jurisdictional limits.  Defendant properly served initial discovery upon the Plaintiff on January 18, 2022, to determine whether the jurisdictional limit of

this Court was satisfied. Plaintiff, PAULETTE MCLAREN, answered under oath in her Answers to Defendant's Interrogatories on February 18, 2022, that the amount she is seeking in past medical bills alone is $363,748.18. Defendant properly served the Plaintiff with initial discovery to determine whether this matter met the Court's jurisdictional limit. Plaintiff's own discovery responses regarding her past medical bills alone satisfy this Court's jurisdictional threshold.

As set forth in *Baker v. Firestone Tire & Rubber Company*, 537 F. Supp. 244 (S.D. Fla. 1982) and *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986), a determination of the amount in controversy should be made by a fair reading of the Complaint and is not limited to the Plaintiff's allegations of jurisdictional amount.   In *Baker,* the Court found that despite the minimum jurisdictional allegation, the pleading satisfied the removal threshold based on allegations that, "…the plaintiff sought to recover for permanent and serious injuries…pain, disfigurement, disability, loss of wages, loss of earning capacity…".   Plaintiff's Answers to Defendant's Interrogatories received on February 18, 2022, unequivocally asserts that Plaintiff, PAULETTE MCLAREN, admits that she is seeking past medical bills of $363,748.18. The Plaintiff's Answers to Defendant's Interrogatories of February 18, 2022, identify medical bills in the amount of $363,748.18.

In this action, at the time of filing the Complaint, Plaintiff's demand was in excess of $30,000.00. Plaintiff's answers to Interrogatories after filing her Complaint, particularly her answer to Interrogatory Number 11, clearly identify medical bills in the amount of $363,748.18. Without even considering future medical bills and pain and suffering, Plaintiff's Answers to Interrogatories are clear that she is seeking more than $363,748.18 based upon her Answers to Interrogatories regarding past medical bills alone. Thus, Defendant is justified in relying on Plaintiff's under oath Answers to Interrogatories that Plaintiff's claim in this matter exceeds $75,000.00. Defendant's counsel has filed this Notice of Removal and Supporting Memorandum of Law within thirty (30) days of receiving Plaintiff's Answers to Defendant's Interrogatories on February 18, 2022 which constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b), and thereby provides Defendant with notice that the potential damages from the lawsuit could exceed the jurisdictional amount.  See *Rahwar v. Nootz*, 863 F. Supp. 191 (D.N.J. 1994).

Plaintiff's Answers to Defendant's Interrogatories received by Defendant on February 18, 2022 satisfy the $75,000.00 removal threshold. Further, because Plaintiff is a citizen of the State of Florida; and DOLGENCORP, LLC is a citizen of the States of Kentucky and Tennessee, complete diversity exists in this matter. Since the amount in controversy exceeds $75,000.00 and as complete diversity of

citizenship exists, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## III.   REMOVAL AND VENUE

As this Court has original jurisdiction, the present case may be removed pursuant to 28 U.S.C. § 1441.  This removal is effected pursuant to the terms of 28 U.S.C. § 1446 and in compliance with said statute, this Notice of Removal and Supporting Memorandum of Law is accompanied by copies of all process, pleadings, and orders served upon the Defendant. Venue is proper pursuant to 28 U.S.C. § 1441 as the United States District Court for the Middle District of Florida, Ocala Division, encompasses Marion County, Florida where this state action is pending.

## IV.   TIMELINESS

28 U.S.C. § 1446 (b) requires that when a case is not removable at the initial pleading, "a Notice of Removal may be filed within thirty (30) days **after** receipt by the Defendant through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). After Defendant received Plaintiff's Answers to Defendant's Interrogatories on February 18, 2022**,** Defendant timely sought to properly remove this action.

WHEREFORE, Defendant, DOLGENCORP, LLC, requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in state court and in accordance with law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2022, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

Respectfully submitted,

/s/ Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Telephone: (352) 394-5888
Facsimile: (352) 394-8558
russ@berginlaw.com
christie@berginlaw.com
lara@berginlaw.com
Counsel for Defendant

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

    Plaintiff,

v.

**DOLGENCORP, LLC,**               CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                    CASE NO.:  21CA002239AX

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING VERIFIED ANSWERS TO DEFENDANT'S INTERROGATORIES

The Plaintiff, **PAULETTE KIZER MCLAREN,** by and through the undersigned attorney, hereby files her answers to Defendant, **DOLGENCORP, LLC**'S Interrogatories dated January 18, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 18th day of February, 2022, to: Russell F. Bergin, Esq., Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ; lara@berginlaw.com)

                        **RUBENSTEIN LAW, P.A.**
                        Attorneys for Plaintiff
                        9130 S. Dadeland Blvd, PH
                        Miami, FL 33156
                        Tel: (305) 661-6000
                        Fax: (305) 670-7555
                        Email: mwaddell@rubensteinlaw.com
                                 zrodriguez@rubensteinlaw.com
                                 eservice@rubensteinlaw.com

                        By:  _/s/ Michele Waddell_
                          **Michele Waddell**
                          Florida Bar No.: 116086

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

      Plaintiff,

v.

**DOLGENCORP, LLC,**                           CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                     CASE NO.:  21CA002239AX

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING VERIFIED ANSWERS TO DEFENDANT'S INTERROGATORIES

The Plaintiff, **PAULETTE KIZER MCLAREN,** by and through the undersigned attorney, hereby files her answers to Defendant, **DOLGENCORP, LLC**'S Interrogatories dated January 18, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 18th day of February, 2022, to: Russell F. Bergin, Esq., Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ; lara@berginlaw.com)

                             **RUBENSTEIN LAW, P.A.**
                             Attorneys for Plaintiff
                             9130 S. Dadeland Blvd, PH
                             Miami, FL 33156
                             Tel: (305) 661-6000
                             Fax: (305) 670-7555
                             Email: mwaddell@rubensteinlaw.com
                                    zrodriguez@rubensteinlaw.com
                                    eservice@rubensteinlaw.com

                             By:  _/s/ Michele Waddell_
                              **Michele Waddell**
                             Florida Bar No.: 116086

21CA002239AX

## PLAINTIFF'S VERIFIED ANSWERS TO DEFENDANT'S INTERROGATORIES

1. What is the name and addresses of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

   **ANSWER:**
   **Paulette Kizer McLaren**
   **1917 NW 12th Street**
   **Ocala, FL 34475**

   **Completed with assistance of counsel.**

2. List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

   **ANSWER:**

   | | |
   |---|---|
   | **Self-employed: Paulette Cleaning Service** | **CDS Staffing** |
   | **1917 NW 12th Street** | **2115 SW Hwy 484** |
   | **Ocala, FL 34475** | **Ocala, FL 34473** |
   | **Pay varies** | **$121/hr** |

   **Mistizo Foods**
   **3031 W. Silver Spring Blvd.**
   **Ocala, FL 34475**
   **$12/hr**

3. List all former names and when you were known by those names. State all addresses here you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

   **ANSWER:**
   **No former names, not married;**
   **DOB:** ▮▮▮▮▮▮▮▮
   **SSN will be provided under separate cover as this may become public;**

- 2 -

21CA002239AX

**While I cannot recall each and every address, to the best of my recollection, I have resided at the below addresses in the past 10 years:**

| | |
|---|---|
| **Current address above** | **93025 SE Maricamp Rd** |
| **August 2020 to present** | **Ocala, FL 34472** |
| | **Oct. 2014-2017** |
| | |
| **215 Busby Street** | **6 Oak Court** |
| **Leesburg, FL** | **Ocala, FL 34472** |
| **May-Oct. 2014** | **Jan.- Nov, 2012** |

4. Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

   **ANSWER:**
   **Glasses. I do not recall when they were prescribed but it was after the fall at issue.**

5. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

   **ANSWER:**

| | |
|---|---|
| **Battery** | **Retail Petit Theft** |
| **Marion County** | **Marion County** |
| **2008, 2012** | **2013** |

6. Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

- 3 -

**ANSWER:**

**No.**

7. Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the name, type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

**ANSWER:**

**No.**

8. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

**ANSWER:**

**I was walking down an aisle and saw a friend. As I said hello, I slipped and fell. There was nothing I could do to prevent the fall.**

9. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

**Defendant failed to exercise reasonable care in maintaining the premise.**

10. Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

**ANSWER:**

**I sustained injuries to my neck, back, shoulders and knees. These injuries are permanent and affect my activities of daily living.**

- 4 -

21CA002239AX

11. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the charge, the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the type of goods or services for which each was incurred.

**ANSWER:**

**I rely on my records as the total amount is unknown at this time as treatment is ongoing and amounts are expected to change; however please see below as I have incurred medical expenses relating to my injuries sustained as a result of this incident. Discovery is ongoing.**

| Name | Address | Date(s) of Service | Billed: |
|---|---|---|---|
| Spine & Injury Associates | 9305 SE Maricamp RD Ocala, FL 34472 | 12/30/2020 - 2/9/2021 | $7,762.00 |
| AdventHealth Ocala | 101 Paramount Drive, Suite 320 Sarasota, FL 34232 | 12/28/2020 | $2,987.10 |
| A1 Imaging of Ocala | 301 SE 17th Street Ocala, FL 34478 | 2/3/2021 - 3/19/2021 | $6,450.00 |
| Alliance Spine & Joint | 4730 N Habana Ave Suite 104 Tampa, FL 33614 | 3/22/2021 - 11/1/2021 | $47,892.96 |
| Habana Ambulatory Surgery Center | 4730 N Habana Ave Tampa, FL 33614 | 4/26/2021 | $100,280.00 |
| Habana Ambulatory Surgery Center | 4730 N Habana Ave Tampa, FL 33614 | 10/18/2021 | $81,207.00 |
| Physician Partners of America CRNA Operations, LLC | 1736 33rd Street Orlando, FL 32839 | 10/18/2021 | $19,200.00 |
| Surgiclear, Inc | 815 SE 1st Avenue Suite A Hallandale, FL 33009 | 4/21/2021 | $600.00 |
| Churchill Surgical Instruments, Inc. | 2875 NE 191 St Suite 905 Miami, FL 33180 | 10/27/2021 | $16,950.00 |
| Alliance Spine & Joint | 4730 N Habana Ave Suite 104 Tampa, FL 33614 | 10/18/2021 | $80,419.12 |

21CA002239AX

12. Do you contend that you have lost or will lose any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, for past and/or future compensation, please state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**ANSWER:**

**I have lost income due to doctor visits and missed time for work after surgery. As I am still treating for my injuries the amount of lost income in the past and future is unknown at this time**.

13. Has anything been paid or is anything payable from any third party, private Insurance Company, including, but not limited to, Medicaid, Medicare, and/or Medicare Supplement, for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable for each expense, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation; and state the amount of any Insurance Company lien, Medicaid lien, Medicare lien and/or Medicare Supplement lien.

**ANSWER:**

| | |
|---|---|
| **Sunshine Health** | **Staywell** |
| **P.O. Box 3070** | **P.O. Box 31370** |
| **Farmington, MO 63640** | **Tampa, FL 33631** |

14. List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**ANSWER:**

**See answer to interrogatory #11 herein. Discovery is ongoing.**

- 6 -

21CA002239AX

15. List the names and business addresses of all other physicians, medical facilities, or other
health care providers by whom or at which you have been examined or treated in the past
10 years for any reason; and state as to each the dates of examination or treatment and the
condition or injury for which you were examined or treated.

**ANSWER:**

**I do not recall each and every medical provider seen over the past 10 years,
however, in addition to those listed in #14, and to the best of my recollection, I have
seen the following providers:**

**Villages Cancer Center**                **Wecare Tlc-city Of Leesburg**
**1400 US Highway 441 N**                 **201 E Dixie Ave**
**Building 500, Suite 540**               **Leesburg, FL**
**The Villages, FL**
**2008-present**


**Simed Health Pain Management**          **Dr. George Gilbert**
**3309 SW 34 Circle Building 200**        **19204 E. Pennsylvania Ave**
**Ocala, FL 34474**                       **Dunnellon, FL 34432**

16. List the names and addresses of all persons who are believed or known by you, your
agents, or your attorneys to have any knowledge concerning any of the issues in this
lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

**Ms. Fonda Favors, eyewitness**

**Ms. Chan Harris, knowledge as to injuries**

**My medical providers, as to injuries and damages**


**Employees of Dolgencorp who were present on date of incident, including but not
limited to Lottie Larsen, Bonnie Oliver, eyewitnesses, and knowledge as to injuries**

- 7 -

21CA002239AX

**Risk Management of Dolgencorp and district manager Carl (last name unknown) who incident was reported to, knowledge as to injuries and facts of incident;**

17. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

**No.**

18. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape or photographs pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

**Defendant had cameras on aisle where I fell. Fonda Favors took photographs of my injuries and is in possession of my attorney.**

19. Has anyone performed an investigation at the site where this incident occurred (including, but not limited to, an investigator, an engineer, or other) of the cause and/or the circumstances of the occurrence as described in the complaint in this matter, for you or anyone acting on your behalf? If yes, please state the company name, individual's name, address and occupation or job title, of all persons who performed an investigation in this matter.

**ANSWER:**

**To the best of my knowledge, no.**

21CA002239AX

20. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**ANSWER:**

**No.**

21. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:**

**I do not recall each and every matter, however, have been both a plaintiff and defendant. All matters are in Marion County and are public record.**

## **VERIFICATION PAGE**



ZAMIRAH RODRIQUEZ
Notary Public - State of Florida
Commission # GG 248594
My Comm. Expires Aug 14, 2022
Bonded through National Notary Assn.

_____
SIGNATURE OF AFFIANT

STATE OF Florida)
COUNTY OF Marion

     I HEREBY CERTIFY that on this day before me, an officer duly qualified to take

acknowledgments, personally appeared   **Paulette McLaren**_____ who is personally

known to me or who has produced _____FLDL_____ an identification and who

did take an oath, and acknowledge that he/she has read the answers to the forgoing

Interrogatories and that they are true to the best of his/her knowledge and belief.

     SWORN TO AND SUBSCRIBED before me on this __18th__ day of

___February_____, 20_22_.

_____
NOTARY PUBLIC STATE OF FLORIDA

## AFFIDAVIT OF ADAM ZAGER

STATE OF <u>TENNESSEE</u>

COUNTY OF <u>DAVIDSON</u>

BEFORE ME, the undersigned authority, personally appeared ADAM ZAGER, who after being first duly sworn, deposes and says of his personal knowledge the following:

1.    My name is ADAM ZAGER, I am over the age of eighteen (18) and I have personal knowledge of each of the matters set forth below, and I am competent to testify to the same. I am the Vice President of Risk Management for Dollar General Corporation.

2.    DOLGENCORP, LLC is a Foreign Limited Liability Company organized in the State of Kentucky.

3.    DOLGENCORP, LLC filed its Articles of Organization in the State of Kentucky in 2008.

4.    DOLGENCORP, LLC's principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072.

5.    DOLGENCORP, LLC is a wholly owned subsidiary of DOLLAR GENERAL CORPORATION.

6.    DOLGENCORP, LLC is a manager-managed limited liability company, and DOLLAR GENERAL CORPORATION is the sole member of DOLGENCORP, LLC.

7.    DOLLAR GENERAL CORPORATION is incorporated in the State of Tennessee.

8.     DOLLAR GENERAL CORPORATION'S principal place of business is: 100 Mission Ridge, Goodlettsville, Tennessee 37072.

9.     I am employed at DOLLAR GENERAL CORPORATION's corporate headquarters in Goodlettsville, Tennessee.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ADAM ZAGER

STATE OF <u>TENNESSEE</u>

COUNTY OF <u>DAVIDSON</u>

The foregoing AFFIDAVIT OF ADAM ZAGER was acknowledged before me by means of [✓] physical presence or [ ] online notarization, this 3 day of _March_____, 2022, by ADAM ZAGER, who is personally known to me or who has produced _____ as identification.

_____
Notary Public Signature

Leah M. Lambert
_____
Name (printed, typed, or stamped)

(Notary Seal)

LEAH M LAMBERT
STATE OF
TENNESSEE
NOTARY
PUBLIC
CHEATHAM COUNTY
My Commission Expires DEC. 22, 2024

**EXHIBIT "C"**



## COMPREHENSIVE CASE INFORMATION SYSTEM

Gregory C. Harrell, Esq., Clerk of the Circuit Court and Comptroller
**MARION COUNTY**



eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 422021CA002239CAAXXX [21CA002239AX] | 12/21/2021 | | MARION | OTHER NEGLIGENCE PREMISES LIAB COMM | OPEN | No | No |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 12/21/2021 | OTHER NEGLIGENCE PREMISES LIAB COMM | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SANDERS, GARY LAMAR | JUDGE | | |
| DOLGENCORP LLC | DEFENDANT | BERGIN, RUSSELL F | 887560 |
| A FOREIGN LIMITED LIABILITY CO | ALSO KNOWN AS | | |
| DBA DOLLAR GENERAL | ALSO KNOWN AS | | |
| MCLAREN, PAULETTE | PLAINTIFF | WADDELL, MICHELE GWEN | 116086 |

### Dockets

Page : 1   ALL ⌄

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 28 | 02/28/2022 | NOTICE OF MEDIATION CONFERENCE FILED BY PLTF PAULETTE MCLAREN | 1 |
| 📄 | 27 | 02/18/2022 | ORDER SETTING CASE MANAGEMENT CONFERENCE AND MEDIATION ORDER | 6 |
| 📄 | 26 | 02/18/2022 | NOTICE OF ANSWERS TO INTERROGATORIES FILED BY PLTF PAULETTE MCLAREN | 1 |
| 📄 | 25 | 02/18/2022 | RESPONSE TO REQUEST TO PRODUCE FILED BY PLTF PAULETTE MCLAREN | 16 |
| 📄 | 24 | 02/17/2022 | AGREED ORDER ON DEFTS MOTION FOR EXTENSION OF TIME TO RESPOND TO PLTFS INTERROGATORIES AND REQUEST TO PRODUCE | 2 |
| 📄 | 23 | 02/14/2022 | MOTION-MOTION FOR EXTENSION OF TIME TO RESPOND TO PLTFS INTERROGATORIES AND REQUEST TO PRODUCE FILED BY DEFT DOLGENCORP LLC | 2 |
| 📄 | 22 | 02/11/2022 | NOTICE OF COMPLETION OF SERVICE OF PROCESS AND CASE STATUS REPORT | 2 |
| 📄 | 21 | 02/10/2022 | NOTICE-NOTICE FOR JURY TRIAL FILED BY PLTF PAULETTE MCLAREN | 1 |
| 📄 | 20 | 01/25/2022 | RESPONSE TO REQUEST FOR ADMISSIONS FILED BY DEFT DOLGENCORP LLC | 3 |
| 📄 | 19 | 01/25/2022 | NOTICE OF COMPLETION OF SERVICE OF PROCESS AND CASE STATUS REPORT FILED BY PLTF PAULETTE MCLAREN | 2 |
| 📄 | 18 | 01/19/2022 | REQUEST FOR COPIES FILED BY PLTF PAULETTE MCLAREN | 2 |
| 📄 | 17 | 01/18/2022 | NOTICE OF PRODUCTION NON-PARTY FILED BY DEFT DOLGENCORP LLC | 88 |
| 📄 | 16 | 01/18/2022 | REQUEST TO PRODUCE FILED BY DEFT DOLGENCORP LLC | 12 |
| 📄 | 15 | 01/18/2022 | NOTICE OF SERVING INTERROGATORIES FILED BY DEFT DOLGENCORP LLC | 2 |
| 📄 | 14 | 01/18/2022 | ANSWER AND AFFIRMATIVE DEFENSES FILED BY DEFT DOLGENCORP LLC | 6 |
| 📄 | 13 | 01/18/2022 | NOTICE OF APPEARANCE FILED BY DEFT DOLGENCORP LLC | 2 |
| 📄 | 12 | 01/03/2022 | AFFIDAVIT OF SERVICE FOR DEFT DOLGENCORP LLC | 2 |
| | 11 | 12/28/2021 | SUMMONS ISSUED | 2 |
| | 4 | 12/23/2021 | Payment received: $410.00 Receipt Number XX 702174 | |
| | 2 | 12/23/2021 | Judge: Assigned | |
| 📄 | 10 | 12/21/2021 | EFILED SUMMONS | 2 |
| 📄 | 9 | 12/21/2021 | REQUEST TO PRODUCE | 3 |
| 📄 | 8 | 12/21/2021 | REQUEST FOR ADMISSIONS | 2 |
| 📄 | 7 | 12/21/2021 | NOTICE OF SERVING INTERROGATORIES | 8 |
| 📄 | 6 | 12/21/2021 | PETITION/COMPLAINT | 4 |
| 📄 | 5 | 12/21/2021 | CIVIL COVER SHEET | 3 |
| | 3 | 12/21/2021 | Assessment 1 assessed at sum $410.00 | |
| | 1 | 12/21/2021 | Case 422021CA002239CAAXXX Filed with Clerk on 12/21/2021 | |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History

Filing # 141011453 E-Filed 12/28/2021 12:14:50 PM

IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN,**

    **Plaintiff,**

v.

**DOLGENCORP, LLC,**                CIVIL DIVISION
**A Foreign Limited Liability Company,**

                                       CASE NO.: 2021-CA-2239

    **Defendant.**

_____/

Date: 12/29/21
Time: 10:50am
Initials: CMC- CPS#101

                                    **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request for Production, Request for Admissions, Notice of Serving Initial Interrogatories in this action on Defendant:

**DOLGENCORP, LLC**
**Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, Florida 32301**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Michele Waddell, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED ON: on this __28__ day of __DECEMBER__, 2021.

                                GREGORY C. HARRELL
                                Clerk of Said Court
                                BY: _____
                                As Deputy Clerk
                                (Court Seal)

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court and also, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition. There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

**If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.**

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

**Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).**

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

**Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.**

2

Filing # 140739639 E-Filed 12/21/2021 10:17:14 AM

IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN,**

     Plaintiff,

v.

**DOLGENCORP, LLC,**                  CIVIL DIVISION
**a Foreign Limited Liability Company,**

                                 CASE NO.:

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **PAULETTE MCLAREN**, by and through the undersigned counsel, hereby

sues the Defendant, **DOLGENCORP, LLC, a Foreign Limited Liability Company (hereafter**

**"DOLGENCORP")** and alleges:

1.This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of

interest and costs, and otherwise within this Court's jurisdictional limits.

2.At all times material hereto, the Plaintiff, **PAULETTE MCLAREN**, was and is a resident of

Marion County, Florida, and is otherwise *sui juris*.

3.At all times material hereto, the Defendant, **DOLGENCORP,** was a Foreign Corporation

authorized and licensed to conduct business in Ocala, Marion County, Florida by Secretary of State

and does conduct said business in Marion County.

4.Venue is proper in this County in that the Defendant does business in Marion County, Florida,

and/or all of the acts complained of herein occurred in Marion County, Florida.

## COUNT I - NEGLIGENCE CLAIM AGAINST DOLGENCORP, LLC

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 4 as if fully set forth herein.

5.      On or about December 28, 2020, the Plaintiff, **PAULETTE MCLAREN**, was a business invitee and lawfully upon the premise of the Defendant, **DOLGENCORP**'s business also known as Dollar General, located at 1111 W. Silver Springs Blvd., Ocala, FL 34475.

6.      That at all times material hereto, and specifically on December 28, 2020, Defendant, **DOLGENCORP**, owned, managed, controlled, operated, and/or maintained the premises located at 1111 W. Silver Springs Blvd., Ocala, FL 34475, in Marion County.

7.      At the aforesaid time and place, Plaintiff was walking in the store when she suddenly and without warning, slipped and fell to the ground due to a broken jar of food that was on the ground, causing serious and permanent physical injury to Plaintiff.

8.      That at all times material hereto, Defendant, **DOLGENCORP**, owed to its business invitees a duty to provide a reasonably safe environment.

9.      That at all times material hereto, the Defendant, **DOLGENCORP**, its agents, servants or employees, acting within the course and scope of their employment, breached their duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing food, glass, and/or other substances to accumulate on the floor, and    to    prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c.      Failing to place barricades, wet floor signs, or other marking devices utilized to alert business invitees such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

- 2 -

d.     By failing to remove said glass, food or other similar substance from the floor of the premises; and/or

e.     By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.     Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a glass, food and/or similar substances to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.     That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

11.     That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

12.     As a direct and proximate result of the aforementioned negligence of the Defendant, **DOLGENCORP**, the Plaintiff, **PAULETTE MCLAREN**, sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **PAULETTE MCLAREN** will suffer the losses into the future.

- 3 -

WHEREFORE, Plaintiff, **PAULETTE MCLAREN**, hereby demands judgment for damages, costs and interest from the Defendant, **DOLGENCORP, LLC, a Foreign Limited Liability Company,** together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, **PAULETTE MCLAREN,** hereby demands trial by jury of all issues so triable as a matter of right.

Dated: <u>December 21, 2021</u>

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 9130 S. Dadeland Blvd, PH
> Miami, FL 33156
> Phone: (305) 661-6000
> Fax: (305) 670-7555
> Email: mwaddell@rubensteinlaw.com
>          zrodriguez@rubensteinlaw.com
>          eservice@rubensteinlaw.com
>
> By:    /s/ *Michele Waddell*
>        **MICHELE WADDELL**
>        Florida Bar No.: 116086

Filing # 140739639 E-Filed 12/21/2021 10:17:14 AM

IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN,**

     Plaintiff,

v.

**DOLGENCORP, LLC,**                              CIVIL DIVISION
a Foreign Limited Liability Company,

                                           CASE NO.:

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, DOLGENCORP

The Plaintiff, **PAULETTE MCLAREN,** by and through the undersigned counsel and pursuant to Rule 1.370, Florida Rules of Civil Procedure, requests that Defendant, **DOLGENCORP, LLC, a Foreign Limited Liability Company (hereafter "DOLGENCORP"),** admit or deny the following:

1. **DOLGENCORP** has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).
2. **DOLGENCORP** has been properly served with the summons and complaint.
3. This matter has been filed within the statute of limitations.
4. Venue is proper in **Marion** County, Florida.
5. Plaintiff, **PAULETTE MCLAREN,** was lawfully on the premises at the time of her fall on December 28, 2020.
6. Plaintiff, **PAULETTE MCLAREN,** was a business invitee at the time of her fall on December 28, 2020.
7. Plaintiff, **PAULETTE MCLAREN,** slipped and fell inside the **DOLGENCORP,** located at 1111 W. Silver Springs Blvd., Ocala, FL 34475, on December 28, 2020.

8. Plaintiff, **PAULETTE MCLAREN**, suffered injuries as a result of the fall in the **DOLGENCORP** located at 1111 W. Silver Springs Blvd., Ocala, FL 34475, on December 28, 2020.

9. **DOLGENCORP** has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on December 28, 2020.

10. **DOLGENCORP** has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on December 28, 2020.


I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **DOLGENCORP**.

Dated: <u>December 21, 2021</u>

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> RUBENSTEIN LAW, P.A
> 9130 S. Dadeland Blvd, PH
> Miami, FL 33156
> Tel: (305) 661-6000
> Fax: (305) 670-7555
> Email: mwaddell@rubensteinlaw.com
>        zrodriguez@rubensteinlaw.com
>        eservice@rubensteinlaw.com
>
> By:   <u>/s/ Michele Waddell</u>
>        **MICHELE WADDELL**
>        Florida Bar No.: 116086

Filing # 140739639 E-Filed 12/21/2021 10:17:14 AM

IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE KIZER MCLAREN,**

    Plaintiff

v.

**DOLGENCORP, LLC,**                                            CIVIL DIVISION
**a Foreign Limited Liability Company,**
                                                              CASE NO.:

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL
## INTERROGATORIES TO DEFENDANT DOLGENCORP

The Plaintiff, **PAULETTE MCLAREN,** by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, **DOLGENCORP, LLC, a Foreign Limited Liability Company (hereafter "DOLGENCORP")** to be answered within forty-five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **DOLGENCORP**.

Dated: December 21, 2021

                        **RUBENSTEIN LAW, P.A.**
                        Attorneys for Plaintiff
                        RUBENSTEIN LAW, P.A
                        9130 S. Dadeland Blvd, PH
                        Miami, FL 33156
                        Tel: (305) 661-6000
                        Fax: (305) 670-7555
                        Email: mwaddell@rubensteinlaw.com
                             zrodriguez@rubensteinlaw.com
                             eservice@rubensteinlaw.com

                        By:  /s/ Michele Waddell_____
                             **MICHELE WADDELL**
                             Florida Bar No.:  116086

## **DEFINITIONS:**

A. As used herein, the terms "you" or "your" refer to Defendant, **DOLGENCORP, LLC** (hereinafter "**DOLGENCORP**") Defendant's predecessors or successors, Defendant's agents, employees, servants or representatives, all other persons purporting to act on defendant's behalf and unless privileged, defendant's attorney.

B. As used herein, "document" or "documents" include, but are not limited to, originals and all copies of the original which differ in any respect from the original (whether by interlineations, draft copy, notations written thereon, indication of copies sent or received or to whom routed, or otherwise) of any letter, correspondence, pamphlet, memorandum, handwritten note, work paper, video, photograph, icrofilm, report, contract, chart, paper, drawing and any other written, recorded or transcribed matter of any description, however produced or reproduced, and all supplements and amendments thereto.

C. As used herein, the term "identify all documents" means: (a) describe the documents by generic type (e.g., invoice, debit memo) and also specifically (e.g., name of the document, number of pages, summary of its substance); (b) state any identification number on each document; (c) state where each document is currently kept and where it has been kept since its creation: and (d) state the name, address, phone number, Date of Birth, social security number of the present custodian, all past custodians, and the dates during which each custodian had custody of each document. Please follow procedures (a)-(d) for each document which originated with defendant, or anyone else who generated documents relevant to this litigation and responsive to these interrogatories.

D. As used herein, the term "persons" includes a corporation, financial institution, trust, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

E. As used herein, the terms "identify" or "identification" when used in reference to an individual person means to state his full name, present address, if known, and his present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" or "identification" means to state whether such person is a corporation, partnership or other organization, and the name, present and last known address, and principal place of its business. Once any person has been identified properly it shall be sufficient hereon when identifying that same person to state his name only.

F. As used herein, the term "incident" refers to the incident, casualty, or event alleged in the complaint giving rise to the action.

## INSTRUCTIONS:

A. Please insert your answers in the space provided below each interrogatory. Should you need additional space, please attach extra sheets.

B. You have the burden of proving any objection that you make to an interrogatory.

C. If you claim that a privilege (attorney-client, work product, trade secret, etc.) Prevents you from answering an interrogatory or identifying a document, please state the nature of the privilege and the grounds for its assertion. In addition, if you claim that a privilege prevents the production of a document, identify the document as described in paragraph c, and all persons, whether natural or artificial who received or reviewed the document.

D. If you fail to answer an interrogatory on the grounds that an interrogatory is unduly burdensome or will cause you great expense, please explain why and supply as much information as you can that is not unduly burdensome or too expensive to obtain.

E. If you fail to answer an interrogatory on the grounds that interrogatory is not calculated to lead to admissible evidence, please explain why it does not meet this broad standard.

F. If you fail to answer an interrogatory on any other grounds, please explain why.


## PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT, DOLGENCORP

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1. State the full name, address and position with of the person answering these interrogatories.

2. State the full name, address and position of the person(s) who was/were responsible for the inspection, maintenance, and/or cleaning of the Dollar General located at 1111 W. Silver Springs Blvd., Ocala, FL 34475 on December 28, 2020.

3. State whether the Defendant, its agents, servants or employees received any complaints on December 28, 2020, about the condition of the Dollar General located at 1111 W. Silver Springs Blvd., Ocala, FL 34475 where Plaintiff fell prior to Plaintiff's fall on December 28, 2020. Please provide the full name(s) and address(es) of the person(s) who made the complaint, the date and time of the complaint, and the nature of the complaint.

4. Please state whether there have been any slip and falls at the store where this alleged incident occurred during the three years prior to the subject incident? If so, please provide:
   a)   Number of slip and falls?
   b)   Date of each slip and fall?
   c)   Name, address and telephone number of each person who slipped and fell?
   d)   Whether or not the person reported any injuries?
   e)   Identify the substance that was reported to have caused the slip and fall (eg. Water, Juice, etc.)

5. With respect to each occurrence identified in the preceding question, please state the following:
   a)   Whether Fire Rescue reported to the scene?
   b)   Whether a claim was made against the Defendant?
   c)   Whether a lawsuit was filed, and if so, please provide the case number?

6. State the full name and address of each eyewitness to all or part of Plaintiff's incident on December 28, 2020.

7. State the full name, address, and phone number of all persons, including employees, who were at or near the scene of Plaintiff's incident within one (1) hour before and the hour after the incident on December 28, 2020.

8. State the full name, address, and phone number of each person(s) who investigated the facts and circumstances of Plaintiff's incident on December 28, 2020 for you or your insurance carrier.

9. State the full name, address, and phone number of all persons, including employees, who has given or provided a statement concerning Plaintiff's incident on December 28, 2020.

10. If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on December 28, 2020, state full name and address of the person who made the report, the date it was made and in whose custody it is.

11. State the full name(s) and address(es) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

12. Describe the frequency and times of inspections of the incident area prior to the incident on December 28, 2020. State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

13. State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on December 28, 2020.

14. State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's fall on December 28, 2020 or any photographs of Plaintiff and/or her injuries while at Defendant's premises located at Dollar General, 1111 W. Silver Springs Blvd., Ocala, FL 34475. If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs and/or video were taken.

15. Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on December 28, 2020.

16. If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on December 28, 2020, give a concise statement of the fact upon which you rely.

17. Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on December 28, 2020 as described in the Complaint? If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

18. Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

19. Did the Defendant have security cameras operating within the store located 1111 W. Silver Springs Blvd., Ocala, FL 34475, on the date of the subject incident?  Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on December 28, 2020, took place?  If so, did the security cameras capture this incident as it occurred?

20. If the answer to interrogatory #19 was yes, please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes.

21. If the answer to interrogatory #19 is yes, does Defendant have video recording footage from the day of the Plaintiff's fall on December 28, 2020, of the store and any video which depicts Plaintiff including the two-hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

22. Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

_____

AFFIANT

STATE OF FLORIDA            )
COUNTY OF _____ )

     BEFORE     ME,     the     undersigned     authority,     personally     appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

     SWORN    TO    AND    SUBSCRIBED    before    me    on    this    _____    day    of _____, 2022.

_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

My Commission Expires:
Personally known:                    _____
or Produced Identification:          _____
Type of Identification Produced:     _____

Filing # 140739639 E-Filed 12/21/2021 10:17:14 AM

IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN,**

     Plaintiff,

v.

**DOLGENCORP, LLC,**                      CIVIL DIVISION
a Foreign Limited Liability Company,

                                    CASE NO.:

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, DOLGENCORP

The Plaintiff, **PAULETTE MCLAREN,** by and through the undersigned attorneys, hereby requests the Defendant, **DOLGENCORP, LLC, a Foreign Limited Liability Company (hereafter "DOLGENCORP"),** produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to Fla.R.Civ.P., at RUBENSTEIN LAW, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, the following:

1. The employee safety manual or other written document of the Defendant in effect on December 28, 2020, that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2. Any and all policies and/or procedures of the Defendant in effect on December 28, 2020, that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

3. Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on December 28, 2020.

4. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5. Any and all statements obtained from any person concerning any of the issues in this lawsuit.

6. Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims,

injuries, or damages as described in the Complaint, including umbrella and excess policies.

7.  Any and all surveillance or other video or recording depicting the interior and/or exterior of the **DOLGENCORP,** located 1111 W. Silver Springs Blvd., Ocala, FL 34475, Marion County, on December 28, 2020, including the two-hour period before the alleged incident and the two-hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8.  All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

9.  All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10. A list of the names and addresses (including clock-in/time records) of all employees employed at **DOLGENCORP,** located at 1111 W. Silver Springs Blvd., Ocala, FL 34475, Marion County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11. Any and all incident reports or incident reports pertaining to the subject incident.

12. A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13. All checklists, sign-off sheets, logbooks, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on December 28, 2020.

14. A copy of any report created as a result of Plaintiff's incident on December 28, 2020, that was signed and/or filled out by Plaintiff.

15. A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on December 28, 2020.

16. A map (aerial view) of the Defendant's store located at 1111 W. Silver Springs Blvd., Ocala, FL 34475 identifying the layout of the store as it existed on the date of the incident.

17. A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18. Any document, photograph, or video, identified in your answers to interrogatories.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, **DOLGENCORP.**

Dated: <u>December 21, 2021</u>

        **RUBENSTEIN LAW, P.A.**
        Attorneys for Plaintiff
        RUBENSTEIN LAW, P.A
        9130 S. Dadeland Blvd, PH
        Miami, FL 33156
        Tel: (305) 661-6000
        Fax: (305) 670-7555
        Email: mwaddell@rubensteinlaw.com
               zrodriguez@rubensteinlaw.com
               eservice@rubensteinlaw.com

      By:  <u>/s/ *Michele Waddell*_____</u>
          **Michele Waddell**
          Florida Bar No.: 116086

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF
## ELECTRONIC MAIL ADDRESSES PURSUANT TO RULE 2.516

RUSSELL F. BERGIN, ESQUIRE, of the Law Office of Russell F. Bergin, P.A., hereby files this Notice of Appearance on behalf of Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, without waiving and specifically reserving any rights he may have to object to the sufficiency of process, service of process, proper venue or the jurisdiction of this court, and requests that all pleadings, notices, and other papers filed in this proceeding be served upon the undersigned attorney.

In compliance with Fla. R. Jud. Admin. 2.516, the undersigned hereby designates the attorney's primary, secondary and additional e-mail addresses for service of pleadings, documents, and correspondence in this matter, as follows:

**Primary e-mail address:**    **Russell F. Bergin, Esq.**    Russ@berginlaw.com

**Secondary e-mail address:**  **Christie Rodriguez**    Christie@berginlaw.com

**Additional e-mail address:**  **Lara Henschel**    Lara@berginlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

       Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

       Defendant.

_____/

### DEFENDANT, DOLGENCORP, LLC, a Foreign Limited Liability Company's, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Defendant, DOLGENCORP, LLC, a Foreign Limited Liability Company, by and through its undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff, PAULETTE MCLAREN's, Complaint and Demand for Jury Trial, and in support thereof would state as follows:

1. Without knowledge, therefore denied.

2. Without knowledge, therefore denied.

3. Admitted.

4. Defendant admits only that Marion County, Florida is a proper venue for venue purposes only. Any and all other remaining allegations or inferences contained within paragraph 4 of Plaintiff's Complaint are denied.

## COUNT I – NEGLIGENCE CLAIM AGAINST DOLGENCORP, LLC

Defendant, DOLGENCORP, LLC, a Foreign Limited Liability Company, incorporates by reference its responses to paragraphs one (1) through four (4) of Plaintiff's Complaint as if fully set forth herein.

5.   Without knowledge, therefore denied.

6.   Defendant admits that on December 28, 2020, Defendant, Dolgencorp, owned managed, operated, and maintained the premises located at 1111 W. Silver Springs Blvd., in Ocala, Florida. Any and all other remaining allegations or inferences contained within paragraph 6 of Plaintiff's Complaint are without knowledge and are therefore denied.

7.   Without knowledge, therefore denied.

8.   Without knowledge, therefore denied.

9.   Denied.

   (a) Denied.

   (b) Denied.

   (c) Denied.

   (d) Denied.

   (e) Denied.

   (f) Denied.

10. Denied.

11. Denied.

12. Denied.

## AFFIRMATIVE DEFENSES

1.      DOLGENCORP, LLC, a Foreign Limited Liability Company, states as an affirmative defense that at the time and place alleged in the Complaint, Plaintiff was guilty of negligence and/or assumed risk which proximately caused or proximately contributed to any injuries or damages Plaintiff may have sustained, if any, and that, therefore, any award to which Plaintiff may be entitled should be either barred or reduced accordingly, pursuant to the doctrine of comparative negligence.

2.      DOLGENCORP, LLC, a Foreign Limited Liability Company, states as an affirmative defense that Plaintiff's alleged injuries and damages were solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of DOLGENCORP, LLC, a Foreign Limited Liability Company, and, therefore, Plaintiff cannot recover against DOLGENCORP, LLC, a Foreign Limited Liability Company.

3.      DOLGENCORP, LLC, a Foreign Limited Liability Company, state as an affirmative defense that Plaintiff has failed to mitigate damages as required under Florida Law and any such recovery should be proportionately reduced as a result of the failure heretofore alleged.

4.      As an affirmative defense, DOLGENCORP, LLC, a Foreign Limited Liability Company, specifically claims any credit or set off to which it might be entitled to any payments paid or payable to Plaintiff herein for damages alleged in the

Complaint from any collateral source and settlements received or available to Plaintiff whatsoever.

5.      DOLGENCORP, LLC, a Foreign Limited Liability Company, affirmatively allege that as a result of the incident alleged in the Complaint, Plaintiff has received payments from collateral sources as that term is defined in applicable Florida Statutes, including, but not limited to, Florida Statute § 768.76, and therefore DOLGENCORP, LLC, a Foreign Limited Liability Company, is entitled to a set off or deduction equal to the value of all benefits received by Plaintiff from any collateral source.

6.      DOLGENCORP, LLC, a Foreign Limited Liability Company, affirmatively alleges under Florida Statute § 768.041 it is entitled to a set off or deduction equal to the sums, which Plaintiff has received by way of settlement from any other person, firm, or corporation as a result of the incident described in the Complaint.

7.      The damages claimed by Plaintiff were caused, either in whole or in part by third parties over which DOLGENCORP, LLC, a Foreign Limited Liability Company, had no control, therefore DOLGENCORP, LLC, a Foreign Limited Liability Company, is entitled to an apportionment of damages in accordance with Florida Statute §768.81.   DOLGENCORP, LLC, a Foreign Limited Liability Company, affirmatively allege that its liability, if any, must be determined pursuant to Florida Statute § 768.81(3) and pursuant to the Florida Supreme Court decision of *Fabre v. Marin* and not on the basis of joint and several liability.  Liability of DOLGENCORP, LLC, a Foreign Limited Liability Company, if any, must be determined on the basis of its own percentage of fault and the fault of other potential parties, including, but not limited to,

Plaintiff and any other person, firm, or corporation whose conduct contributed to the occurrence of this incident.  The prospective contribution of all parties and non-parties should be determined by separate entry on the jury verdict form.

8.      As an affirmative defense, DOLGENCORP, LLC, a Foreign Limited Liability Company, assert that its alleged conduct was not the proximate cause of Plaintiff's alleged injuries and damages and, therefore, any award of damages would be inappropriate.

9.      As an affirmative defense, DOLGENCORP, LLC, a Foreign Limited Liability Company, states that the Complaint fails to state a claim upon which relief can be granted.

10.     DOLGENCORP, LLC, a Foreign Limited Liability Company, respectively reserves the right to assert additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

## JURY TRIAL DEMAND

DOLGENCORP, LLC, a Foreign Limited Liability Company, demands a trial by jury of all issues so triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No.: 0887560

Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

     Defendant.

_____/

### DEFENDANT, DOLGENCORP, LLC, A Foreign Limited Liability Company's, NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

The Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, by and through its undersigned attorney, hereby files this Notice of Serving Interrogatories to Plaintiff, PAULETTE MCLAREN, numbered one (1) through twenty-one (21) in the above-styled cause, pursuant to Rule 1.340, Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin
_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com

Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

Case 5:22-cv-00143-JSM-PRL   Document 1   Filed 03/15/22   Page 58 of 212 PageID 58

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

     Defendant.

_____/

### DEFENDANT, DOLGENCORP, LLC, A Foreign Limited Liability Company's, REQUEST TO PRODUCE TO PLAINTIFF

Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company's, by and through its undersigned attorney, pursuant to Rule 1.350 Florida Rules of Civil Procedure, hereby requests the Plaintiff, PAULETTE MCLAREN, to produce the items and matters hereinafter set forth in "Exhibit "A" within thirty (30) days after the service hereof.

**DEFENDANT REQUESTS THAT ALL COPIES OR ITEMS PRODUCED BE SUBMITTED VIA DROPBOX OR LARGE FILE SHARE, OR ON A DISK, THUMB DRIVE, FLASH DRIVE, OR PROVIDE FULL-SIZE (8 ½" BY 11") HARD COPIES WHICH ARE LEGIBLE, OTHERWISE ORIGINALS ARE REQUIRED.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

*/s/ Russell F. Bergin*
_____
Russell F. Bergin, Esquire

Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

## <u>INSTRUCTIONS FOR ANSWERING</u>

A.    You are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under the control of any of your representatives, employees, agents, servants or attorneys.

B.    Each request which seeks information relating in any way to communications, to, from or within a business and/or corporate entity is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers, and/or servants of the business and/or limited partnership.

C.    Each request should be responded to separately.  However, a document which is the response to more than one request may if the relevant portion is marked or indexed, be produced, and referred to in a later response.

D.    All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.  Where required by a particular paragraph of this request, document produced shall be further segregated and identified as indicated in this paragraph.  For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files or in such a manner as to preserve and identify the file from which such documents were taken.

E.    If you object to part of any request, please furnish documents responsive to the remainder of the request.

F.    Each request refers to all documents that are known either by you, your agents, or attorneys to exist or that can be located or discovered by reasonably diligent efforts of you, your agents, or attorneys.

G.    The documents produced in response to this request shall include all attachments and enclosures.

H.    The documents requested or produced include those in the possession, custody or control of you, your agents, representatives, or attorneys.

I.    References to the singular include the plural.

J.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses or the verb so used.

K.   Please supplement these requests with documents obtained subsequent to the preparation and filing of a response to each request.

L.   All documents called for by this request or related to this request, for which you claim a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    (1) the place, date and manner of recording or otherwise preparing the document,

    (2) the name and title of the sender,

    (3) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document,

    (4) the identity and title with plaintiff, if any, or the person or persons supplying your attorneys with the information requested above,

    (5) the identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication,

    (6) type of document,

    (7) subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    (8) factual and legal basis for claim, privilege or specific statutory or regulatory authority, which provides the claimed ground for non-production.

M.   Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed.  In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of different information or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

N.    All documents produced in response to this request shall be produced in total notwithstanding the fact that portions thereof may contain information not requested.

O.    If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

P.    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made, and the reason exact information cannot be furnished.

Q.    With respect to any document requested which was once in your possession, custody, or control, but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the manner in which it is ceased, and the name and address of its present custodian.

R.    Unless otherwise indicated, each request is to be construed as encompassing all documents, which pertain to the stated subject matter.

## DEFINITION APPLICABLE TO REQUEST

A.    The term "document" means all written, graphic and audio or visually recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in the actual or constructive possession, custody or control of you, your agents or your attorneys including but not limited to: plans, drawings, graphs, deeds, title policies, commitments or abstracts, photographs, audio recordings, transcripts, contracts, agreements, covenants, permits, licenses, memoranda of telephone or personal conversations or communications, microfilm, microfiche, telegraphs, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, written communications, minutes or notes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, computer disks and information thereon, tapes for visual or audio reproduction, recordings, computer data and disks, or materials similar to any of the foregoing,  however, denominated you, your agents or your attorneys.   The term "document" shall also include all copies of each

document if the copies contain any additional matter or are not identical copies of the originals.

B.    The term "communications" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopier, facsimile, electronic or other media.

C.    The term "or" means both "or" and "and."

D.    The term "Plaintiff's vehicle" means the vehicle in which Plaintiff was driving and/or traveling in at the time of the incident/accident which is the subject of this lawsuit, whether owned by Plaintiff or some other person.

E.    The "subject matter or subject incident" means the incident as described in the Complaint.

F.    "You", "your" and "Plaintiff" refers to Plaintiff, his/her servants, agents, representatives and/or employees, who this Request to Produce is addressed, unless specifically stated otherwise.

## EXHIBIT "A"

1.  A properly executed original Authorization for the Use and Disclosure of Protected Health Information for obtaining medical records directed to separate entities. (Said Authorizations to be provided under separate cover to Plaintiff's counsel.)

2.  A properly executed original Authorization for the Use and Disclosure of Protected Health Information directed to Centers for Medicare & Medicaid Services for obtaining Plaintiff's Payment Summary Form(s) and Conditional Payment Letter. (Said Authorization to be provided under separate cover to Plaintiff's counsel.)

3.  A properly executed original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Agency for Health Care Administration for obtaining Plaintiff's Paid Claims Data and lien information, if applicable. (Said Authorization to be provided under separate cover to Plaintiff's counsel.)

4.  A properly executed original Authorization for the Use and Disclosure of Protected Health Information directed to Social Security Administration for obtaining Plaintiff's Disability claim file. (Said Authorization to be provided under separate cover to Plaintiff's counsel.)

5.  A copy of withholding statements, paystubs, deposit slips, or any other evidence of income earned by Plaintiff for the calendar years: 2018, 2019, 2020 and 2021 to date.

6.  A copy of all income tax returns filed by Plaintiff, with the Internal Revenue Service, including but not limited to, all W-2 forms, 1099 forms, all Exhibits, and all other attachments for the years: 2018, 2019, 2020 and 2021.

7.  A properly executed original IRS Form 4506 for obtaining Plaintiff's tax returns. (Said Form will be provided under separate cover to Plaintiff's counsel).

8.  A copy of the most recent Form SSA-7050, "Your Social Security Statement" received from Social Security Administration.

9.  A copy of all business records, pay receipts and other memoranda in the possession, custody, or control of the Plaintiff, including gross income from self-employment, salary, commissions, bonuses, overages, credits, and reimbursements for the business expenses from the beginning of the current calendar year to thirty (30) days prior to the time of trial.

10.     A copy of all medical bills, nursing bills and prescription drug bills, paid or owing, supporting Plaintiff's claim for damages herein, related to the incident which is the subject matter of this cause.

11.     A copy of all non-medical expenses, paid or owing, supporting Plaintiff's claim for damages herein, related to the incident which is the subject matter of this cause.

12.     A copy of any and all medical records/reports, dental records/reports and hospital records/reports, emergency room records, radiology records/reports, consultation records/reports from any health care provider or facility pertaining to the treatment of the Plaintiff claimed to be related to the incident which is the subject matter of this cause.

13.     A copy of any and all medical records/reports, dental records/reports and hospital records/reports, emergency room records, radiology records/reports, consultation records/reports from any health care provider or facility pertaining to the treatment of the Plaintiff, for any reason, since the date of incident, which is the subject matter of this cause, to the current date.

14.     A copy of any and all medical records/reports, dental records/reports and hospital records/reports, emergency room records, radiology records/reports, consultation records/reports from any health care provider or facility pertaining to the treatment of the Plaintiff, for any reason, in the ten (10) years prior to the incident which is the subject matter of this cause.

15.     A copy of any and all written reports rendered by any expert retained, including but not limited to, any accident reconstruction expert applicable to any and all issues in this cause.

16.     Any and all drug expense statements incurred by Plaintiff as a result of the subject incident.

17.     A true and correct copy of all "statements", within the meaning and definitions in Rule 1.280(b), Florida Rules of Civil Procedure, of the Defendant(s), the agents of Defendant(s) and employees, and independent witnesses, as well as to the Plaintiff; bearing on the knowledge of facts relevant and material to the claim and defenses in the instant litigation, to be produced prior to any depositions of any said persons, including, but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, of all witnesses to the incident relative to the subject matter of this action and/or any witnesses having knowledge regarding any and all facts and issues in the instant litigation.

18.     All documentation indicating monies received by Plaintiff, from any source, for reimbursement of payment of injuries as a result of the subject incident.

19.     Any receipts, correspondence and/or any other documents indicating payments made to Plaintiff, or on his/her behalf for medical bills and/or loss of wages and/or loss of future earning capacity under the personal injury protection provisions of any insurance providing such benefits.

20.     Any receipts, correspondence and/or any other documents indicating payments made to Plaintiff, or on his/her behalf for medical bills and/or lost wages and/or loss of future earning capacity incurred as a result of the instant accident, under any other policy of insurance (i.e., group insurance, disability insurance, etc.).

21.     All written reports prepared by any medical experts expected to testify at the trial of this matter.

22.     A true and correct copy of all tangible things within the possession, custody or control of the Plaintiff herein upon which the claims and defenses herein are based, and specifically, but not limited to, writings, drawings, graphs, charts, photographs, movies, slides, film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or vehicles or operations which are the subject of the claims and defenses herein, so that same may be inspected, copied, tested, measured, surveyed and photographed pursuant to Rule 1.350, Florida Rules of Civil Procedure.

23.     A true and correct color copy of any and all photographs taken as a result of the incident described in Plaintiff's Complaint, which have been fully described in your Answer to Interrogatory Number 8.

24.     A true and correct, legible copy of all documents and items specified in your Answers to Interrogatories as coming within Rule 1.350(c), Florida Rules of Civil Procedure, exercising the option to produce records in lieu of summary based on said records and reports.

25.     A true and correct, legible copy of any and all agreements entered into by you or on your behalf with any other Defendant, person, firm, or corporation whom you contend may have some liability exposure for the subject accident or incident.

26.     A true and correct, legible copy of any and all claims(s) and/or applications(s) along with all other documentation including medical records submitted in any

written or electronic form to the Social Security Administration for disability benefits; any and all decision(s) in any form from the Social Security Administration regarding any claim for disability benefits; any and all appeal(s) and/or decision(s) from the Social Security Administration regarding any claim(s) for disability benefits; any and all decisions(s) from an Administrative Law Judge regarding any claim(s) for disability benefits.

27.     A true and correct, legible copy (front and back) of your Driver's License.

28.     A true and correct, legible copy (front and back) of your State issued photo identification card if Driver's License is not applicable.

29.     A true and correct, legible copy (front and back) of your Social Security Card.

30.     A true and correct, legible copy (front and back) of your Medicare card.

31.     A true and correct, legible copy (front and back) of your Medicare supplemental insurance plan card.

32.     A true and correct, legible copy (front and back) of your Medicaid card, if applicable.

33.     A true and correct, legible copy (front and back) of your Member I.D. card issued through your specific assigned insurance company for Medicaid. (i.e., Staywell, A WellCare Company / UnitedHealthCare Community Plan)

34.     A true and correct, legible copy (front and back) of all your insurance cards, i.e., health, supplemental, life, disability, auto or other; that were in full force and effect on the date of the incident which is the subject matter of this lawsuit.

35.     A true and correct, legible copy of any and all communication/correspondence, from one (1) year prior to this incident, up through and including the current date, from Medicare that states you are entitled to or will become eligible for Medicare benefits.

36.     A true and correct, legible copy of any and all communication/correspondence, from one (1) year prior to this incident, up through and including the current date, from Medicaid that states you are entitled to or will become eligible for Medicaid benefits.

37.     A true and correct, legible copy of any and all insurance policies, i.e., health, supplemental, life, disability, auto or other; that were in full force and effect on the date of the incident which would have provided benefits or coverage to the

Plaintiff for any claimed injury or damage from the subject accident or occurrence.

38.    A copy of any and all correspondence to and from any entity making a claim for subrogation, lien, or seeking a right of reimbursement for any expenses paid to or on behalf of the Plaintiff for damages alleged in the Complaint.

39.    A copy of any and all documentation issued by the Plaintiff or Plaintiff's counsel to any healthcare provider whereby the Plaintiff agrees to protect the interest of the healthcare provider (Letters of Protection) and pay medical bills from any settlement or judgment in favor of the Plaintiff.

40.    If any of your medical bills have been sold to another entity, provide a copy of the purchase agreement/assignment/agreement/contract or other between the buyer and the seller (seller: your medical provider) of the medical bill(s) for each and every medical bill sold.

41.    A copy of any and all documentation to include, but not limited to, copies of demands sent to any insurance company (there is no privilege regarding these demands since they were disclosed to the insurance company), all medical records, all photographs, all HICF forms, all billing records, all correspondence from any insurance company, a copy of all insurance policies for which Plaintiff sought medical payment from, all pleadings, responses to interrogatories, responses to request for production, deposition transcripts, a copy of any checks Plaintiff received as payment of a claim, and a copy of any release, in any other legal proceeding (i.e. presuit claim(s) and lawsuit(s))  in which the Plaintiff(s) herein, previously claimed personal injuries.

42.    If there are photographs which are included in the demand, please provide color photographs in their original format, on a thumb drive or a CD.

43.    Please provide any and all findings, reports, writings, or documents reflecting any investigation by any individual or agency (including, but not limited to, an investigator or an engineer, or other) or you or anyone acting on your behalf, regarding the cause and/or the circumstances of the occurrence as described in the complaint in this matter.

44.    A true and copy of Plaintiff's cellular telephone billing statement, invoices, or account history from provider's website, reflecting a detailed call log from the date of the accident, from 12:00 a.m. through 12:00 p.m., for all cellular telephones/two-way radios, or like that Plaintiff, owned and/or had in his/her possession and/or otherwise used on the date of the subject incident, whether actually owned by Plaintiff or not.

45.   All photographs or video recordings taken at the scene of the accident; taken on the date of the accident through the current date.

46.   All photographs or video recordings taken of Plaintiff; taken on the date of the accident through the current date.

47.   All photographs or video recordings taken of Defendant; taken on the date of the accident through the current date.

48.   If any document is withheld on any claim of privilege or otherwise, provide a Privilege Log, setting forth the following:
   (a) the basis of the privilege claim;
   (b) the author of the document;
   (c) the date of the document, the recipient or intended recipient of the document;
   (d) a brief description of the substance of the document; and
   (e) all persons who received copies of the document or were shown copies of the document, along with an identification of each such person.

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

     Defendant.

_____/

## **DEFENDANT'S NOTICE OF PRODUCTION FROM NON-PARTIES**

YOU ARE NOTIFIED that after ten (10) days from the date of service of this notice, if service is by delivery, or fifteen (15) days from the date of service, if service is by mail or email, and if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached Subpoenas Duces Tecum without Deposition directed to:

1. A1 Imaging of Ocala
   301 SE 17th Street, Unit 102
   Ocala, FL 34471

2. AdventHealth Ocala
   ATTN: Release of Information
   1500 SW 1st Ave.
   Ocala, FL 34471

3. AdventHealth Ocala
   ATTN: Radiology Department
   1500 SW 1st Ave.
   Ocala, FL 34471

4. AdventHealth Ocala
   ATTN: Patient Accounts
   1500 SW 1st Ave.
   Ocala, FL 34471

5. Alliance Spine & Joint
   815 SE 1st Avenue A
   Hallendale, FL 33009

6. Churchill Surgical Instruments, Inc.
   815 SE 1st Ave., Suite A
   Hallandale, FL 33009

7. Habana Ambulatory Surgery Center
   4726 N. Habana Ave., #100
   Tampa, FL 33614

8. Physician Partners of American, CRNA Operations, LLC
   504 N. Reo St.
   Tampa, FL 33609

9. Surgiclear, Inc.
   815 SE 1st Ave., Suite A
   Hallandale, FL 33009

10. Wal-Mart Pharmacy
    Tort Litigation Division
    702 SW 8th Street
    Bentonville, AR 72716

11. CVS
    Corporate Headquarters
    One CVS Drive
    Woonsocket, RI 02895

12. Publix Pharmacy
    Release of Information
    P.O. Box 32023
    Lakeland, FL 33802

13. Walgreens
    1901 East Voorhees Street, MS 735
    Danville, IL 61834

14. Orlando Pain Clinic
    280 S. State Road 434, 1049A
    Altamonte Springs, FL 32714

15. Spine & Injury Associates
    280 S. State Road 434, Ste. 1049
    Altamonte Springs, FL 32714

16. Dr. Mason Newsome, DC
    897 Town Center Dr.
    Kissimmee, FL 34759

17. Coastal Orthopedics
    6015 Pointe W. Blvd. W.
    Bradenton, FL 34209

who are not parties, to produce the items listed at the time and place specified in

the attached Subpoenas Duces Tecum without Deposition.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 18, 2022, the foregoing was filed through the
Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to:
Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com,
and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH,
Miami, FL 33156.

/s/ *Russell F. Bergin*
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**A1 Imaging of Ocala**
**301 SE 17th Street, Unit 102**
**Ocala, FL 34471**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production. We do not accept records via facsimile. The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted. You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

## EXHIBIT "A"

RE:   NAME:                  PAULETTE KIZER MCLAREN
       DATE OF BIRTH:         XX-XX-XXXX
       SOCIAL SECURITY NO.:  XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire /Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical / Prescription Records          _____          _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings              _____          _____

18.   Incident or Accident Forms or Memorandum       _____          _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                    _____          _____

20.   Written Instructions to Patient                _____          _____

21.   Consultation Reports                           _____          _____

22.   Insurance Claim Forms and Payment
      Documents                                      _____          _____

23.   Patient Account Cards                          _____          _____

24.   Social Security Disability Application forms   _____          _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                  _____          _____

26.   Patient Telephone Messages                     _____          _____

27.   Any and all other information in your records
      regarding the above-named individual           _____          _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested
are from the above-named person's first day until the current date.  It is in the intent of this
subpoena that each and every paper/document, no matter how insignificant that item might
appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to
include (i) all papers, records and bills no matter how the records are stored, whether stored as a
paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the
date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

       Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

       Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian
AdventHealth Ocala
ATTN: Release of Information
1500 SW 1st Ave.
Ocala, FL 34471**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by

providing legible copies the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

                              LAW OFFICE OF RUSSELL F. BERGIN, P.A.


                              _____
                              Russell F. Bergin, Esquire
                              Florida Bar No.: 0887560
                              Law Office of Russell F. Bergin, P.A.
                              698 W. Highway 50
                              Clermont, Florida 34711-2921
                              Attorney for Defendant
                              Telephone: 352-394-5888
                              Facsimile:  352-394-8558
                              Russ@berginlaw.com
                              Christie@berginlaw.com
                              Lara@berginlaw.com

**EXHIBIT "A"**

RE:   NAME:              PAULETTE KIZER MCLAREN
       DATE OF BIRTH:      XX-XX-XXXX
       SOCIAL SECURITY NO.:  XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.    Pharmaceutical /Prescription Records          _____          _____

17.    Reproductions of any and all MRI films, CTs
       thermograms, x-rays, and findings             _____          _____

18.    Incident or Accident Forms or Memorandum      _____          _____

19.    Consent Forms, including Explanation of
       Procedures Given to Patient                   _____          _____

20.    Written Instructions to Patient               _____          _____

21.    Consultation Reports                          _____          _____

22.    Insurance Claim Forms and Payment
       Documents                                     _____          _____

23.    Patient Account Cards                         _____          _____

24.    Social Security Disability Application forms   _____          _____

25.    Employment records, time sheets, pay stubs,
       entire personnel file, disciplinary reports, memos,
       background checks, vacation requests, incident
       reports, etc.                                 _____          _____

26.    Patient Telephone Messages                    _____          _____

27.    Any and all other information in your records
       regarding the above-named individual          _____          _____

Records Check made by: _____

Date:_____

*NOTE: This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

       Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

       Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**AdventHealth Ocala**
**ATTN: Radiology Department**
**1500 SW 1st Ave.**
**Ocala, FL 34471**

YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

**ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

**This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this Subpoena by

providing legible copies the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


LAW OFFICE OF RUSSELL F. BERGIN, P.A.



_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

## EXHIBIT "A"

RE:    NAME:                  PAULETTE KIZER MCLAREN
         DATE OF BIRTH:         XX-XX-XXXX
         SOCIAL SECURITY NO.:  XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.    Pharmaceutical /Prescription Records     _____    _____

17.    Reproductions of any and all MRI films, CTs
thermograms, x-rays, and findings    _____    _____

18.    Incident or Accident Forms or Memorandum    _____    _____

19.    Consent Forms, including Explanation of
Procedures Given to Patient    _____    _____

20.    Written Instructions to Patient    _____    _____

21.    Consultation Reports    _____    _____

22.    Insurance Claim Forms and Payment
Documents    _____    _____

23.    Patient Account Cards    _____    _____

24.    Social Security Disability Application forms    _____    _____

25.    Employment records, time sheets, pay stubs,
entire personnel file, disciplinary reports, memos,
background checks, vacation requests, incident
reports, etc.    _____    _____

26.    Patient Telephone Messages    _____    _____

27.    Any and all other information in your records
regarding the above-named individual    _____    _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian
AdventHealth Ocala
ATTN: Patient Accounts
1500 SW 1st Ave.
Ocala, FL 34471**

     YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

     **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

     **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

     These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by

providing legible copies the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.


_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:   NAME:                          PAULETTE KIZER MCLAREN
      DATE OF BIRTH:                 XX-XX-XXXX
      SOCIAL SECURITY NO.:   XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical / Prescription Records              _____        _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings                  _____        _____

18.   Incident or Accident Forms or Memorandum           _____        _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                        _____        _____

20.   Written Instructions to Patient                    _____        _____

21.   Consultation Reports                               _____        _____

22.   Insurance Claim Forms and Payment
      Documents                                          _____        _____

23.   Patient Account Cards                              _____        _____

24.   Social Security Disability Application forms       _____        _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                      _____        _____

26.   Patient Telephone Messages                         _____        _____

27.   Any and all other information in your records
      regarding the above-named individual               _____        _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Alliance Spine & Joint**
**815 SE 1ˢᵗ Avenue A**
**Hallendale, FL 33009**

     YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

     **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

     **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

     These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this ____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:  NAME:                           PAULETTE KIZER MCLAREN
     DATE OF BIRTH:           XX-XX-XXXX
     SOCIAL SECURITY NO.:   XXX-XX-XXXX

|  |  | <u>Produced</u> | <u>No Such Record Exists</u> |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.    Pharmaceutical / Prescription Records    \_\_\_\_\_    \_\_\_\_\_

17.    Reproductions of any and all MRI films, CTs
thermograms, x-rays, and findings    \_\_\_\_\_    \_\_\_\_\_

18.    Incident or Accident Forms or Memorandum    \_\_\_\_\_    \_\_\_\_\_

19.    Consent Forms, including Explanation of
Procedures Given to Patient    \_\_\_\_\_    \_\_\_\_\_

20.    Written Instructions to Patient    \_\_\_\_\_    \_\_\_\_\_

21.    Consultation Reports    \_\_\_\_\_    \_\_\_\_\_

22.    Insurance Claim Forms and Payment
Documents    \_\_\_\_\_    \_\_\_\_\_

23.    Patient Account Cards    \_\_\_\_\_    \_\_\_\_\_

24.    Social Security Disability Application forms    \_\_\_\_\_    \_\_\_\_\_

25.    Employment records, time sheets, pay stubs,
entire personnel file, disciplinary reports, memos,
background checks, vacation requests, incident
reports, etc.    \_\_\_\_\_    \_\_\_\_\_

26.    Patient Telephone Messages    \_\_\_\_\_    \_\_\_\_\_

27.    Any and all other information in your records
regarding the above-named individual    \_\_\_\_\_    \_\_\_\_\_

Records Check made by: _____

Date:_____

*NOTE: This subpoena is not limited to any specific incident/event/or date. Records requested are from the above-named person's first day until the current date. It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced. This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Churchill Surgical Instruments, Inc.**
**815 SE 1st Ave., Suite A**
**Hallandale, FL 33009**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production. We do not accept records via facsimile. The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted. You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


LAW OFFICE OF RUSSELL F. BERGIN, P.A.



_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:  NAME:                          PAULETTE KIZER MCLAREN
       DATE OF BIRTH:            XX-XX-XXXX
       SOCIAL SECURITY NO.:   XXX-XX-XXXX

|     |                                                                                       | **Produced** | **No Such Record Exists** |
| --- | ------------------------------------------------------------------------------------- | ------------ | ------------------------- |
| 1.  | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2.  | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3.  | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4.  | Doctors' Notes & Orders | _____ | _____ |
| 5.  | Nurses' Notes | _____ | _____ |
| 6.  | Therapy Records and Notes | _____ | _____ |
| 7.  | Psychiatric Notes | _____ | _____ |
| 8.  | Reports of Surgical Procedures | _____ | _____ |
| 9.  | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.  Pharmaceutical /Prescription Records                    _____        _____

17.  Reproductions of any and all MRI films, CTs
     thermograms, x-rays, and findings                       _____        _____

18.  Incident or Accident Forms or Memorandum                _____        _____

19.  Consent Forms, including Explanation of
     Procedures Given to Patient                             _____        _____

20.  Written Instructions to Patient                         _____        _____

21.  Consultation Reports                                    _____        _____

22.  Insurance Claim Forms and Payment
     Documents                                               _____        _____

23.  Patient Account Cards                                   _____        _____

24.  Social Security Disability Application forms            _____        _____

25.  Employment records, time sheets, pay stubs,
     entire personnel file, disciplinary reports, memos,
     background checks, vacation requests, incident
     reports, etc.                                           _____        _____

26.  Patient Telephone Messages                              _____        _____

27.  Any and all other information in your records
     regarding the above-named individual                   _____        _____

Records Check made by: _____

Date:_____

*NOTE: This subpoena is not limited to any specific incident/event/or date. Records requested
are from the above-named person's first day until the current date. It is in the intent of this
subpoena that each and every paper/document, no matter how insignificant that item might
appear to the party to whom this subpoena is directed, be produced. This subpoena is meant to
include (i) all papers, records and bills no matter how the records are stored, whether stored as a
paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the
date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Habana Ambulatory Surgery Center**
**4726 N. Habana Ave., #100**
**Tampa, FL 33614**

     YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

     **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

     **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

     These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

## EXHIBIT "A"

RE:   NAME:                        PAULETTE KIZER MCLAREN
      DATE OF BIRTH:               XX-XX-XXXX
      SOCIAL SECURITY NO.:    XXX-XX-XXXX

|  |  | Produced | No Such Record Exists |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire /Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.     Pharmaceutical /Prescription Records            _____        _____

17.     Reproductions of any and all MRI films, CTs
        thermograms, x-rays, and findings               _____        _____

18.     Incident or Accident Forms or Memorandum        _____        _____

19.     Consent Forms, including Explanation of
        Procedures Given to Patient                     _____        _____

20.     Written Instructions to Patient                 _____        _____

21.     Consultation Reports                            _____        _____

22.     Insurance Claim Forms and Payment               _____        _____
        Documents

23.     Patient Account Cards                           _____        _____

24.     Social Security Disability Application forms    _____        _____

25.     Employment records, time sheets, pay stubs,
        entire personnel file, disciplinary reports, memos,
        background checks, vacation requests, incident
        reports, etc.                                   _____        _____

26.     Patient Telephone Messages                      _____        _____

27.     Any and all other information in your records
        regarding the above-named individual            _____        _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## **SUBPOENA DUCES TECUM WITHOUT DEPOSITION**

TO:

**Records Custodian**
**Physician Partners of American, CRNA Operations, LLC**
**504 N. Reo St.**
**Tampa, FL 33609**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production. We do not accept records via facsimile. The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted. You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## <u>CERTIFICATION OF COMPLIANCE WITH<br>CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS</u>

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


LAW OFFICE OF RUSSELL F. BERGIN, P.A.



_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:   NAME:                             PAULETTE KIZER MCLAREN
         DATE OF BIRTH:              XX-XX-XXXX
         SOCIAL SECURITY NO.:   XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical /Prescription Records          _____          _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings             _____          _____

18.   Incident or Accident Forms or Memorandum      _____          _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                   _____          _____

20.   Written Instructions to Patient               _____          _____

21.   Consultation Reports                          _____          _____

22.   Insurance Claim Forms and Payment
      Documents                                     _____          _____

23.   Patient Account Cards                         _____          _____

24.   Social Security Disability Application forms  _____          _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                 _____          _____

26.   Patient Telephone Messages                    _____          _____

27.   Any and all other information in your records
      regarding the above-named individual          _____          _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Surgiclear, Inc.**
**815 SE 1st Ave., Suite A**
**Hallandale, FL 33009**

    YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

    **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

    **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

    These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production. We do not accept records via facsimile. The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted. You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## <u>CERTIFICATION OF COMPLIANCE WITH<br>CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS</u>

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:   NAME:                          PAULETTE KIZER MCLAREN
      DATE OF BIRTH:              XX-XX-XXXX
      SOCIAL SECURITY NO.:   XXX-XX-XXXX

|  |  | <u>Produced</u> | <u>No Such Record Exists</u> |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.     Pharmaceutical /Prescription Records     _____     _____

17.     Reproductions of any and all MRI films, CTs
thermograms, x-rays, and findings     _____     _____

18.     Incident or Accident Forms or Memorandum     _____     _____

19.     Consent Forms, including Explanation of
Procedures Given to Patient     _____     _____

20.     Written Instructions to Patient     _____     _____

21.     Consultation Reports     _____     _____

22.     Insurance Claim Forms and Payment
Documents     _____     _____

23.     Patient Account Cards     _____     _____

24.     Social Security Disability Application forms     _____     _____

25.     Employment records, time sheets, pay stubs,
entire personnel file, disciplinary reports, memos,
background checks, vacation requests, incident
reports, etc.     _____     _____

26.     Patient Telephone Messages     _____     _____

27.     Any and all other information in your records
regarding the above-named individual     _____     _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Wal-Mart Pharmacy**
**Tort Litigation Division**
**702 SW 8th Street**
**Bentonville, AR 72716**

YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

**ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

**This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this Subpoena by

providing legible copies the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:    NAME:               PAULETTE KIZER MCLAREN
           DATE OF BIRTH:        XX-XX-XXXX
           SOCIAL SECURITY NO.:  XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical /Prescription Records            _____        _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings                _____        _____

18.   Incident or Accident Forms or Memorandum        _____        _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                      _____        _____

20.   Written Instructions to Patient                  _____        _____

21.   Consultation Reports                             _____        _____

22.   Insurance Claim Forms and Payment
      Documents                                        _____        _____

23.   Patient Account Cards                            _____        _____

24.   Social Security Disability Application forms     _____        _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                    _____        _____

26.   Patient Telephone Messages                       _____        _____

27.   Any and all other information in your records
      regarding the above-named individual             _____        _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

       Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

       Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**CVS**
**Corporate Headquarters**
**One CVS Drive**
**Woonsocket, RI 02895**

YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

**ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

**This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this Subpoena by

providing legible copies the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this ____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:    NAME:                          PAULETTE KIZER MCLAREN
       DATE OF BIRTH:              XX-XX-XXXX
       SOCIAL SECURITY NO.:    XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.  Pharmaceutical /Prescription Records                    _____        _____

17.  Reproductions of any and all MRI films, CTs
     thermograms, x-rays, and findings                       _____        _____

18.  Incident or Accident Forms or Memorandum                _____        _____

19.  Consent Forms, including Explanation of
     Procedures Given to Patient                             _____        _____

20.  Written Instructions to Patient                         _____        _____

21.  Consultation Reports                                    _____        _____

22.  Insurance Claim Forms and Payment
     Documents                                               _____        _____

23.  Patient Account Cards                                   _____        _____

24.  Social Security Disability Application forms            _____        _____

25.  Employment records, time sheets, pay stubs,
     entire personnel file, disciplinary reports, memos,
     background checks, vacation requests, incident
     reports, etc.                                           _____        _____

26.  Patient Telephone Messages                              _____        _____

27.  Any and all other information in your records
     regarding the above-named individual                    _____        _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Publix Pharmacy**
**Release of Information**
**P.O. Box 32023**
**Lakeland, FL 33802**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by

providing legible copies the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


LAW OFFICE OF RUSSELL F. BERGIN, P.A.



_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

## EXHIBIT "A"

RE:   NAME:                PAULETTE KIZER MCLAREN
         DATE OF BIRTH:        XX-XX-XXXX
         SOCIAL SECURITY NO.:  XXX-XX-XXXX

|     |                                                                                                   | **Produced** | **No Such Record Exists** |
|-----|---------------------------------------------------------------------------------------------------|--------------|---------------------------|
| 1.  | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2.  | Itemized billing records (to include total charges, payments & adjustments)                       | _____       | _____                    |
| 3.  | New Patient Questionnaire / Background Forms                                                       | _____       | _____                    |
| 4.  | Doctors' Notes & Orders                                                                           | _____       | _____                    |
| 5.  | Nurses' Notes                                                                                     | _____       | _____                    |
| 6.  | Therapy Records and Notes                                                                         | _____       | _____                    |
| 7.  | Psychiatric Notes                                                                                 | _____       | _____                    |
| 8.  | Reports of Surgical Procedures                                                                    | _____       | _____                    |
| 9.  | Office Notes                                                                                       | _____       | _____                    |
| 10. | Emergency Care Records                                                                            | _____       | _____                    |
| 11. | Notices or Documentation from any hospital                                                        | _____       | _____                    |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use)                          | _____       | _____                    |
| 13. | Diagnostic Studies and test results                                                               | _____       | _____                    |
| 14. | Photographs                                                                                        | _____       | _____                    |
| 15. | Correspondence                                                                                     | _____       | _____                    |

16.    Pharmaceutical /Prescription Records      _____     _____

17.    Reproductions of any and all MRI films, CTs
thermograms, x-rays, and findings      _____     _____

18.    Incident or Accident Forms or Memorandum   _____     _____

19.    Consent Forms, including Explanation of
Procedures Given to Patient      _____     _____

20.    Written Instructions to Patient     _____     _____

21.    Consultation Reports     _____     _____

22.    Insurance Claim Forms and Payment
Documents     _____     _____

23.    Patient Account Cards     _____     _____

24.    Social Security Disability Application forms   _____     _____

25.    Employment records, time sheets, pay stubs,
entire personnel file, disciplinary reports, memos,
background checks, vacation requests, incident
reports, etc.     _____     _____

26.    Patient Telephone Messages     _____     _____

27.    Any and all other information in your records
regarding the above-named individual     _____     _____

Records Check made by: _____

Date:_____

*NOTE: This subpoena is not limited to any specific incident/event/or date. Records requested are from the above-named person's first day until the current date. It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced. This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

       Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

       Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Walgreens**
**1901 East Voorhees Street, MS 735**
**Danville, IL 61834**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


LAW OFFICE OF RUSSELL F. BERGIN, P.A.



_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:   NAME:                  PAULETTE KIZER MCLAREN
       DATE OF BIRTH:        XX-XX-XXXX
       SOCIAL SECURITY NO.:  XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.    Pharmaceutical / Prescription Records     _____    _____

17.    Reproductions of any and all MRI films, CTs
thermograms, x-rays, and findings    _____    _____

18.    Incident or Accident Forms or Memorandum    _____    _____

19.    Consent Forms, including Explanation of
Procedures Given to Patient    _____    _____

20.    Written Instructions to Patient    _____    _____

21.    Consultation Reports    _____    _____

22.    Insurance Claim Forms and Payment
Documents    _____    _____

23.    Patient Account Cards    _____    _____

24.    Social Security Disability Application forms    _____    _____

25.    Employment records, time sheets, pay stubs,
entire personnel file, disciplinary reports, memos,
background checks, vacation requests, incident
reports, etc.    _____    _____

26.    Patient Telephone Messages    _____    _____

27.    Any and all other information in your records
regarding the above-named individual    _____    _____

Records Check made by: _____

Date:_____

*NOTE: This subpoena is not limited to any specific incident/event/or date. Records requested are from the above-named person's first day until the current date. It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced. This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Orlando Pain Clinic**
**280 S. State Road 434, 1049A**
**Altamonte Springs, FL 32714**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production. We do not accept records via facsimile. The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted. You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


LAW OFFICE OF RUSSELL F. BERGIN, P.A.


_____

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:   NAME:                          PAULETTE KIZER MCLAREN
      DATE OF BIRTH:                 XX-XX-XXXX
      SOCIAL SECURITY NO.:  XXX-XX-XXXX

|     |                                                                                               | **Produced** | **No Such Record Exists** |
|-----|-----------------------------------------------------------------------------------------------|--------------|---------------------------|
| 1.  | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2.  | Itemized billing records (to include total charges, payments & adjustments)                    | _____       | _____                    |
| 3.  | New Patient Questionnaire / Background Forms                                                   | _____       | _____                    |
| 4.  | Doctors' Notes & Orders                                                                        | _____       | _____                    |
| 5.  | Nurses' Notes                                                                                  | _____       | _____                    |
| 6.  | Therapy Records and Notes                                                                      | _____       | _____                    |
| 7.  | Psychiatric Notes                                                                              | _____       | _____                    |
| 8.  | Reports of Surgical Procedures                                                                 | _____       | _____                    |
| 9.  | Office Notes                                                                                   | _____       | _____                    |
| 10. | Emergency Care Records                                                                         | _____       | _____                    |
| 11. | Notices or Documentation from any hospital                                                     | _____       | _____                    |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use)                      | _____       | _____                    |
| 13. | Diagnostic Studies and test results                                                           | _____       | _____                    |
| 14. | Photographs                                                                                    | _____       | _____                    |
| 15. | Correspondence                                                                                 | _____       | _____                    |

16.   Pharmaceutical /Prescription Records         _____      _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings            _____      _____

18.   Incident or Accident Forms or Memorandum     _____      _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                  _____      _____

20.   Written Instructions to Patient              _____      _____

21.   Consultation Reports                         _____      _____

22.   Insurance Claim Forms and Payment
      Documents                                    _____      _____

23.   Patient Account Cards                        _____      _____

24.   Social Security Disability Application forms _____      _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                _____      _____

26.   Patient Telephone Messages                   _____      _____

27.   Any and all other information in your records
      regarding the above-named individual         _____      _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Spine & Injury Associates**
**280 S. State Road 434, Ste. 1049**
**Altamonte Springs, FL 32714**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## <u>CERTIFICATION OF COMPLIANCE WITH<br>CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS</u>

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

**EXHIBIT "A"**

RE:    NAME:                 PAULETTE KIZER MCLAREN
        DATE OF BIRTH:        XX-XX-XXXX
        SOCIAL SECURITY NO.:  XXX-XX-XXXX

|  |  | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical / Prescription Records          _____     _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings              _____     _____

18.   Incident or Accident Forms or Memorandum       _____     _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                    _____     _____

20.   Written Instructions to Patient                _____     _____

21.   Consultation Reports                           _____     _____

22.   Insurance Claim Forms and Payment
      Documents                                      _____     _____

23.   Patient Account Cards                          _____     _____

24.   Social Security Disability Application forms   _____     _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                  _____     _____

26.   Patient Telephone Messages                     _____     _____

27.   Any and all other information in your records
      regarding the above-named individual           _____     _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

       Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

       Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian
Dr. Mason Newsome, DC
897 Town Center Dr.
Kissimmee, FL 34759**

YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

**ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

**This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## <u>CERTIFICATION OF COMPLIANCE WITH</u><br><u>CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS</u>

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.


                              LAW OFFICE OF RUSSELL F. BERGIN, P.A.



                              _____
                              Russell F. Bergin, Esquire
                              Florida Bar No.: 0887560
                              Law Office of Russell F. Bergin, P.A.
                              698 W. Highway 50
                              Clermont, Florida 34711-2921
                              Attorney for Defendant
                              Telephone: 352-394-5888
                              Facsimile:  352-394-8558
                              Russ@berginlaw.com
                              Christie@berginlaw.com
                              Lara@berginlaw.com

## EXHIBIT "A"

RE:   NAME:             PAULETTE KIZER MCLAREN
        DATE OF BIRTH:      XX-XX-XXXX
        SOCIAL SECURITY NO.:  XXX-XX-XXXX

| | | **Produced** | **No Such Record Exists** |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical /Prescription Records                    _____      _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings                        _____      _____

18.   Incident or Accident Forms or Memorandum                _____      _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                              _____      _____

20.   Written Instructions to Patient                         _____      _____

21.   Consultation Reports                                    _____      _____

22.   Insurance Claim Forms and Payment
      Documents                                                _____      _____

23.   Patient Account Cards                                   _____      _____

24.   Social Security Disability Application forms            _____      _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                            _____      _____

26.   Patient Telephone Messages                              _____      _____

27.   Any and all other information in your records
      regarding the above-named individual                    _____      _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested are from the above-named person's first day until the current date.  It is in the intent of this subpoena that each and every paper/document, no matter how insignificant that item might appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to include (i) all papers, records and bills no matter how the records are stored, whether stored as a paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:

**Records Custodian**
**Coastal Orthopedics**
**6015 Pointe W. Blvd. W.**
**Bradenton, FL 34209**

      YOU ARE HEREBY COMMANDED to provide, within fifteen (15) days, at the Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711, the following:

      **ANY AND ALL RECORDS,** including, but not limited to, the items more fully described on the attached Exhibit "A", for any and all times, pertaining or relating to the care and treatment of PAULETTE KIZER MCLAREN, from the inception of your records to the present date.

      **This includes, but is not limited to, the production of every document, no matter how insignificant that item may appear to the party to whom this Subpoena is directed, and is meant to include all records, regardless of date, pertaining to the aforementioned individual.**

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies the items to be produced to the attorney whose name appears

on this Subpoena on or before the scheduled date of production.  We do not accept records via facsimile.  The delivery may be by hand delivery or by U.S. Mail, as long as the Law Office of Russell F. Bergin, P.A. receives legible copies before the scheduled date of production.

You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  When prepayment has been requested and made, records are still to be produced via hand delivery, U.S. Mail or by facsimile. Any record or document that has been redacted must have an attached explanation of what information has been redacted.  You may mail or deliver legible copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this Subpoena Duces Tecum without Deposition at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to:
- appear as specified, or
- furnish the records instead of appearing as provided above, or
- object to this Subpoena in writing to the Law Office of Russell F. Bergin, P.A.

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this Subpoena, and unless excused from this Subpoena by the attorney or the Court, you shall respond to this Subpoena as directed.

## CERTIFICATION OF COMPLIANCE WITH
## CFR 164.512, FRCP 1.351 AND HIPAA REGULATIONS

As the attorney issuing the attached Subpoena Duces Tecum without Deposition, I hereby certify that this Subpoena has been issued in compliance with Florida law and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Public Law 104-191 and 45 CFR Parts 160 and 164; as this Subpoena has been issued pursuant to Rules 1.410 and 1.351, Florida Rules of Civil Procedure; and that the following statements are true:

- Plaintiff, if Pro Se, or Plaintiff through Plaintiff's attorney, has been given written notice that his/her protected health information has been subpoenaed.

- Plaintiff, if Pro Se, or Plaintiff's attorney has been furnished a copy of the Notice of Production from Non-Party, as well as a copy of the Subpoena Duces Tecum without Deposition.

- The Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition provides sufficient information about the litigation or proceeding, in which the protected health information is requested, to permit the individual to raise an objection to the court or administrative tribunal.

- The time for the individual to raise an objection to the court or administrative tribunal has elapsed.

- Either no objections were filed or all objections filed by the individual have been resolved by the court or administrative tribunal and the disclosure being sought are consistent with such resolution.

- Upon conclusion of the litigation, any records provided in response to the Subpoena Duces Tecum without Deposition, will be stored or destroyed according to Florida State Law.

DATED this _____ day of _____, 2022.

LAW OFFICE OF RUSSELL F. BERGIN, P.A.

_____
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Attorney for Defendant
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com

## EXHIBIT "A"

RE:   NAME:                          PAULETTE KIZER MCLAREN
      DATE OF BIRTH:             XX-XX-XXXX
      SOCIAL SECURITY NO.:   XXX-XX-XXXX

|  |  | Produced | No Such Record Exists |
|---|---|---|---|
| 1. | Patient Charts (including admission and discharge summaries, letters or protection, assignment of benefits, etc.) | _____ | _____ |
| 2. | Itemized billing records (to include total charges, payments & adjustments) | _____ | _____ |
| 3. | New Patient Questionnaire / Background Forms | _____ | _____ |
| 4. | Doctors' Notes & Orders | _____ | _____ |
| 5. | Nurses' Notes | _____ | _____ |
| 6. | Therapy Records and Notes | _____ | _____ |
| 7. | Psychiatric Notes | _____ | _____ |
| 8. | Reports of Surgical Procedures | _____ | _____ |
| 9. | Office Notes | _____ | _____ |
| 10. | Emergency Care Records | _____ | _____ |
| 11. | Notices or Documentation from any hospital | _____ | _____ |
| 12. | Laboratory Results (including toxicology screens for alcohol or drug use) | _____ | _____ |
| 13. | Diagnostic Studies and test results | _____ | _____ |
| 14. | Photographs | _____ | _____ |
| 15. | Correspondence | _____ | _____ |

16.   Pharmaceutical /Prescription Records                    _____        _____

17.   Reproductions of any and all MRI films, CTs
      thermograms, x-rays, and findings                        _____        _____

18.   Incident or Accident Forms or Memorandum        _____        _____

19.   Consent Forms, including Explanation of
      Procedures Given to Patient                              _____        _____

20.   Written Instructions to Patient                          _____        _____

21.   Consultation Reports                                     _____        _____

22.   Insurance Claim Forms and Payment
      Documents                                                _____        _____

23.   Patient Account Cards                                    _____        _____

24.   Social Security Disability Application forms    _____        _____

25.   Employment records, time sheets, pay stubs,
      entire personnel file, disciplinary reports, memos,
      background checks, vacation requests, incident
      reports, etc.                                            _____        _____

26.   Patient Telephone Messages                               _____        _____

27.   Any and all other information in your records
      regarding the above-named individual                     _____        _____

Records Check made by: _____

Date:_____

*NOTE:  This subpoena is not limited to any specific incident/event/or date.  Records requested
are from the above-named person's first day until the current date.  It is in the intent of this
subpoena that each and every paper/document, no matter how insignificant that item might
appear to the party to whom this subpoena is directed, be produced.  This subpoena is meant to
include (i) all papers, records and bills no matter how the records are stored, whether stored as a
paper copy or stored electronically, (ii) all papers/documents regardless of the date, unless the
date is specifically limited above, and (iii) all matters pertaining to the above-named person.*

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

      Plaintiff,

v.

**DOLGENCORP, LLC,**                   CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                  CASE NO.: 21CA002239AX

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR COPIES

Pursuant to Rule 1.351(e), Florida Rules of Civil Procedure, Plaintiff hereby requests Defendant to furnish Plaintiff with a legible copy of each item furnished to Defendant by non-parties pursuant to the Notice of Intent to Serve a Subpoena Pursuant to Fla.R.Civ.P. 1.921 & 1.351 served by Defendant, Dolgencorp, LLC on January 18, 2022 and directed to the Records Custodian of:

1. A1 Imaging of Ocala

2. AdventHealth Ocala

3. AdventHealth Ocala - Patient Accounts

4. AdventHealth Ocala - Radiology Department

5. Alliance Spine & Joint

6. Churchill Surgical Instruments, Inc.

7. Coastal Orthopedics

8. CVS

9. Dr. Mason Newsome, DC

10. Habana Ambulatory Surgery Center

11. Orlando Pain Clinic

12. Physician Partners of America, CRNA Operations, LLC

13. Publix Pharmacy

14. Spine & Injury Associates

15. Surgiclear, Inc.

16. Wal-Mart Pharmacy - Tort Litigation Division

17. Walgreens

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 19th day of January, 2022 to Russell F. Bergin, Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ; lara@berginlaw.com).

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 9130 S. Dadeland Blvd., PH
> Miami, Florida 33156
> Tel: (305) 661-6000
> Fax: (305) 670-7555
> Email:  mwaddell@rubensteinlaw.com
>              zrodriguez@rubensteinlaw.com
>              eservice@rubensteinlaw.com
>
> By:  _/s/ Michele Waddell_
>    **MICHELE WADDELL**
>    Florida Bar No.: 116086

IN THE ___CIRCUIT___ COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR ___MARION___ COUNTY

PLAINTIFF,    PAULETTE MCLAREN

     Plaintiff/Name,

vs.                          Case Number:   21-CA-0002239-AX

DEFENDANT,   DOLGENCORP, LLC.

     Defendant(s)/Name(s).

_____/

## NOTICE OF COMPLETION OF SERVICE OF PROCESS
## AND CASE STATUS REPORT

     **THE PLAINTIFF,** hereby files the following Notice of Completion of Service of Process and Case Status Report pursuant to administrative order requirements:

1. **Service of Process:** (Check one)

     __X__    Plaintiff has completed service of process on all named defendants in the above titled action on December /29/202 1,

     OR

     _____    Plaintiff has NOT completed service in the above referenced action and it has been 120 days since the filing of this action.

2. **Please Check the case type that applies if any:**

| CASE TYPE | CHECK |
|---|---|
| Class Action Cases | |
| Environmental/Toxic Tort/Mass Tort Litigation | |
| Anti-Trust/ Securities Litigation | |
| Malpractice -Medical (or involving Wrongful Death) | |
| Nursing home negligence | |
| This case contains one or more of the following: extraordinary number of parties, experts, pretrial discovery issues | |
| Residential or Commercial Foreclosure | |
| Two Party Collections/Indebtedness | |
| Non-Jury | |
| Uncontested Cases | |
| Other: Describe in Paragraph 5 below | |

3. **For Cases filed before April 30, 2021 please answer the following questions**:

   **For all Civil Cases:**
   1. Mediation has occurred                      Yes _____ No_____
   2. Discovery has Closed                       Yes _____ No_____
   3. A Case Management Order is in place       Yes _____ No_____
   4. An Order Setting Trial has been issued?    Yes _____ No_____

   **For Small Claims Only:**
   1. The rules of Civil Procedure have been ordered invoked    Yes _____ No_____

4. **Stays and/or Moratoriums:** A stay or moratorium upon prosecution in the above styled action was lifted on _____/__/202_

   OR

   A stay or moratorium upon prosecution remains in place _____ (check as appropriate)

5. **Provide a short description of this case:**

   This is a premise liability action in which Plaintiff alleges Defendant was negligent. As a result, Plaintiff slipped and fell, sustaining serious injuries and incurring economic and non-economic damages.

6. **Provide printed Name, Address, Telephone, Email Address, and Signature for Counsel and Unrepresented Parties. Counsel must also include Florida Bar Number:**

| Attorney for Defendant | Attorney for Plaintiff |
|---|---|
| Russell Bergin, Esq. | Michele G. Waddell, Esq |
| 698 W. Hwy. 50 | Rubenstein Law, PA |
| Clermont, FL 34711 | 1301 Riverplace Blvd., Ste 2420 |
| Telephone (352) 394-5888 | Jacksonville, FL 32207 |
| Email: russ@berginlaw.com | Telephone (305) 661-6000 |
| FBN: 0887560 | Email: mwaddell@rubensteinlaw.com |
|  | FBN: 116086 |

Date: 1/25/2022

/s/ Michele G. Waddell

Name
**Attorney for Plaintiff**
**Florida Bar Number:** 116086

notice.completion.service.status

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

### **DEFENDANT, DOLGENCORP, LLC, a Foreign Limited Liability Company's, RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

      COME NOW, Defendant, DOLGENCORP, LLC, a Foreign Limited Liability Company, by and through its undersigned counsel and hereby files its Responses to Plaintiff's Request for Admissions, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable this Defendant to admit or deny at this time. Additionally, Defendant has not had an opportunity to depose Plaintiff or perform any discovery, therefore denied.

6.  Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable this Defendant to admit or deny at this time. Additionally, Defendant has not had an opportunity to depose Plaintiff or perform any discovery, therefore denied.

7.  Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable this Defendant to admit or deny at this time. Additionally, Defendant has not had an opportunity to depose Plaintiff or perform any discovery, therefore denied.

8.  Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable this Defendant to admit or deny at this time. Additionally, Defendant has not had an opportunity to depose Plaintiff or perform any discovery, therefore denied.

9.  Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable this Defendant to admit or deny at this time. Additionally, Defendant has not had an opportunity to depose Plaintiff or perform any discovery, therefore denied.

10. Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable this Defendant to admit or deny at this time. Additionally, Defendant has not had an opportunity to depose Plaintiff or perform any discovery, therefore denied.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 24, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

     Plaintiff,

v.

**DOLGENCORP, LLC,**                  CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                    CASE NO.: 21CA002239AX

     Defendant.

_____/

## **PLAINTIFF'S NOTICE FOR JURY TRIAL**

PLEASE TAKE NOTICE that the above-entitled cause is now at issue and ready for jury trial.  It is estimated that the Trial will take approximately 5 days.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 10th day of February, 2022 to Russell F. Bergin, Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ; lara@berginlaw.com).

                            **RUBENSTEIN LAW, P.A.**
                            Attorneys for Plaintiff
                            9130 S. Dadeland Blvd, PH
                            Miami, FL 33156
                            Tel: (305) 661-6000
                            Fax: (305) 670-7555
                            Email:  mwaddell@rubensteinlaw.com
                                     zrodriguez@rubensteinlaw.com
                                     eservice@rubensteinlaw.com

                            By:  _/s/ Michele Waddell_
                            **MICHELE WADDELL**
                            Florida Bar No.: 116086

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

      Plaintiff

v.

**DOLGENCORP, LLC,**                      CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                         CASE NO.:  21CA002239AX

      Defendant.

_____/

## NOTICE OF COMPLETION OF SERVICE OF PROCESS
## AND CASE STATUS REPORT

    **THE PLAINTIFF,** hereby files the following Notice of Completion of Service of Process and Case Status Report pursuant to administrative order requirements:

1. **Service of Process:** (Check one)

    _X_ Plaintiff has completed service of process on all named defendants in the above titled action on 12/29/2021

    O R

    __ Plaintiff has NOT completed service in the above referenced action and it has been 120 days since the filing of this action.

2. **Please Check the case type that applies if any:**

| CASE TYPE | CHECK |
|---|---|
| Class Action Cases | |
| Environmental/Toxic Tort/Mass Tort Litigation | |
| Anti-Trust/ Securities Litigation | |
| Malpractice -Medical (or involving Wrongful Death) | |
| Nursing home negligence | |
| This case contains one or more of the following: extraordinary number of parties, experts, pretrial discovery issues | |
| Residential or Commercial Foreclosure | |
| Two Party Collections/Indebtedness | |
| Non-Jury | |
| Uncontested Cases | |
| Other: Describe in Paragraph 5 below | |

3. **For Cases filed before April 30, 2021 please answer the following questions:**

For all Civil Cases:

| | | | | |
|---|---|---|---|---|
| 1. | Mediation has occurred | Yes _____ | No _X_ |
| 2. | Discovery has Closed | Yes _____ | No _X_ |
| 3. | A Case Management Order is in place | Yes _____ | No _X_ |
| 4. | An Order Setting Trial has been issued? | Yes _____ | No _X_ |

**For Small Claims Only:**

1.       The rules of Civil Procedure have been ordered invoked        Yes _____ No _____

4.    **Stays and/or Moratoriums:** A stay or moratorium upon prosecution in the above styled action was lifted on ___/___/202__

OR

A stay or moratorium upon prosecution remains in place __ (check as appropriate)

5.    **Provide a short description of this case**:
This is a premise liability matter. Plaintiff alleges that she slipped and fell, causing substantial and permanent injury due to Defendants' negligence. _____

6.    **Provide printed Name, Address, Telephone, Email Address, and Signature for Counsel and Unrepresented Parties. Counsel must also include Florida Bar Number:**

Russell F. Bergin, Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ;_____
lara@berginlaw.com)___Ph.(352) 394-5888_____

                                              Date: 2/10/22

                         */s/ Michele G. Waddell*_____
                         **Michele G. Waddell**
                         **Attorney for Plaintiff**
                         **Florida Bar Number: 116086**

Filing # 143897447 E-Filed 02/14/2022 05:35:31 PM

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUEST TO PRODUCE

Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, by and through its undersigned counsel, hereby files this Motion for Extension of Time to Respond to Plaintiff's Interrogatories and Request to Produce, and would state as follows:

1.    Plaintiff served Defendant with Interrogatories and Request to Produce along with the Complaint in this matter.

2.    Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, requested additional time to confer with its client in order to obtain additional documents to respond to Plaintiff's Interrogatories and Request to Produce. Plaintiff is agreeable.

3.    Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, has conferred with counsel for Plaintiff and has agreed to provide responses to Plaintiff's Interrogatories and Request to Produce served with the Complaint by March 14, 2022.

4.    Defendant has not made this request for purposes of delay and no party would be prejudiced by this extension of time.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

     Defendant.

_____/

## AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUEST TO PRODCE

THIS CAUSE having come before the Court upon Defendant's Motion for Extension of Time to Respond to Plaintiff's Interrogatories and Request to Produce, and the Court having been advised that the parties are in agreement to the entry of this Agreed Order, it is hereby:

**ORDERED AND ADJUDGED** that

1.     Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, shall provide responses to Plaintiff's Interrogatories served with the Complaint by March 14, 2022.

2.     Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, shall provide responses to Plaintiff's Request to Produce served with the Complaint by March 14, 2022.

**DONE AND ORDERED** in the Tavares, Lake County, Florida, this __17th__ day of

February 2022.

_Gary L Sans_

Honorable Gary L. Sanders
Circuit Court Judge

Copies of have been furnished to:

Russell   F.   Bergin,   Esq.,   russ@berginlaw.com,   christie@berginlaw.com   and
lara@berginlaw.com, Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL
34711

Michele  Waddell,  Esq.,  mwaddell@rubensteinlaw.com,  zrodriguez@rubensteinlaw.com,
and  eservice@rubensteinlaw.com,  Rubenstein  Law,  P.A.,  9130  S.  Dadeland  Blvd.,  PH,
Miami, FL 33156

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

     Plaintiff,

v.

**DOLGENCORP, LLC,**                CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                      CASE NO.: 21CA002239AX

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING VERIFIED ANSWERS TO DEFENDANT'S INTERROGATORIES

The Plaintiff, **PAULETTE KIZER MCLAREN,** by and through the undersigned attorney, hereby files her answers to Defendant, **DOLGENCORP, LLC**'S Interrogatories dated January 18, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 18th day of February, 2022, to: Russell F. Bergin, Esq., Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ; lara@berginlaw.com)

                                    **RUBENSTEIN LAW, P.A.**
                                    Attorneys for Plaintiff
                                    9130 S. Dadeland Blvd, PH
                                    Miami, FL 33156
                                    Tel: (305) 661-6000
                                    Fax: (305) 670-7555
                                    Email: mwaddell@rubensteinlaw.com
                                           zrodriguez@rubensteinlaw.com
                                           eservice@rubensteinlaw.com

                                    By: _/s/ Michele Waddell_
                                      **Michele Waddell**
                                      Florida Bar No.: 116086

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

    Plaintiff

v.

**DOLGENCORP, LLC,**               CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                CASE NO.:  21CA002239AX

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

COMES NOW, the Plaintiff, **PAULETTE MCLAREN,** by and through the undersigned counsel, hereby files her response to Defendant, **DOLGENCORP, LLC**'S Request for Production served January 18, 2022, as follows:

1.    A properly executed original Authorization for the Use and Disclosure of Protected Health Information for obtaining medical records directed to separate entities. (Said Authorizations to be provided under separate cover to Plaintiff's counsel.)

**RESPONSE:**

**Objection, beyond the scope of discovery.  There is no authority or discovery rule that requires a party to provide a signed authorization.  However, Plaintiff will provide a signed authorization upon receipt of a Notice of Non-Party Production and proposed subpoena for said records, as this will allow Plaintiff the opportunity to serve a Request for Copies of the records.**

2.    A properly executed original Authorization for the Use and Disclosure of Protected Health Information directed to Centers for Medicare & Medicaid Services for

obtaining Plaintiff's Payment Summary Form(s) and Conditional Payment Letter. (Said Authorization to be provided under separate cover to Plaintiff's counsel.)

**RESPONSE:**

**Objection, beyond the scope of discovery.  There is no authority or discovery rule that requires a party to provide a signed authorization.  However, Plaintiff will provide a signed authorization upon receipt of a Notice of Non-Party Production and proposed subpoena for said records, as this will allow Plaintiff the opportunity to serve a Request for Copies of the records.**

3.      A properly executed original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Agency for Health Care Administration for obtaining Plaintiff's Paid Claims Data and lien information, if applicable. (Said Authorization to be provided under separate cover to Plaintiff's counsel.)

**RESPONSE:**

**Objection, beyond the scope of discovery.  There is no authority or discovery rule that requires a party to provide a signed authorization.  However, Plaintiff will provide a signed authorization upon receipt of a Notice of Non-Party Production and proposed subpoena for said records, as this will allow Plaintiff the opportunity to serve a Request for Copies of the records.**

4.      A properly executed original Authorization for the Use and Disclosure of Protected Health Information directed to Social Security Administration for obtaining Plaintiff's Disability claim file. (Said Authorization to be provided under separate cover to Plaintiff's counsel.)

**RESPONSE:**

**Objection, beyond the scope of discovery.  There is no authority or discovery rule that requires a party to provide a signed authorization.  However, Plaintiff will provide a signed authorization upon receipt of a Notice of Non-Party Production and proposed subpoena for said records, as this will allow Plaintiff the opportunity to serve a Request for Copies of the records.**

5.      A copy of withholding statements, paystubs, deposit slips, or any other evidence of income earned by Plaintiff for the calendar years: 2018, 2019, 2020 and 2021 to date.

**RESPONSE:**

**Objection: immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff is not making a claim for lost wages**.

6.      A copy of all income tax returns filed by Plaintiff, with the Internal Revenue Service, including but not limited to, all W-2 forms, 1099 forms, all Exhibits, and all other attachments for the years: 2018, 2019, 2020 and 2021.

**RESPONSE:**

**Objection: immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff is not making a claim for lost wages.**

7.      A properly executed original IRS Form 4506 for obtaining Plaintiff's tax returns. (Said Form will be provided under separate cover to Plaintiff's counsel).

**RESPONSE:**

**Objection: beyond the scope of discovery.  There is no authority or discovery rule that requires a party to provide a signed authorization.  However, Plaintiff will provide a signed authorization upon receipt of a Notice of Non-Party Production and proposed subpoena for said records, as this will allow Plaintiff the opportunity to serve a Request for Copies of the**

**records. Objection: immaterial, irrelevant and not reasonably calculated to lead to the**

**discovery of admissible evidence as Plaintiff is not making a claim for lost wages.**

8.     A copy of the most recent Form SSA-7050, "Your Social Security Statement"

received from Social Security Administration.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

9.     A copy of all business records, pay receipts and other memoranda in the

possession, custody, or control of the Plaintiff, including gross income from self-employment,

salary, commissions, bonuses, overages, credits, and reimbursements for the business expenses

from the beginning of the current calendar year to thirty (30) days prior to the time of trial.

**RESPONSE:**

**Objection: immaterial, irrelevant and not reasonably calculated to lead to the discovery of**

**admissible evidence as Plaintiff is not making a claim for lost wages.**

10.     A copy of all medical bills, nursing bills and prescription drug bills, paid or

owing, supporting Plaintiff's claim for damages herein, related to the incident which is the

subject matter of this cause.

**RESPONSE:**

**All related bills currently in Plaintiff's possession, custody and control are attached hereto**.

11.     A copy of all non-medical expenses, paid or owing, supporting Plaintiff's claim

for damages herein, related to the incident which is the subject matter of this cause.

**RESPONSE:**

**All related bills currently in Plaintiff's possession, custody and control are attached hereto**.

- 4 -

21CA002239AX

12.      A copy of any and all medical records/reports, dental records/reports and hospital records/reports, emergency room records, radiology records/reports, consultation records/reports from any health care provider or facility pertaining to the treatment of the Plaintiff claimed to be related to the incident which is the subject matter of this cause.

**RESPONSE:**

**All medical records currently in Plaintiff's possession, custody and control are attached hereto.**

13.      A copy of any and all medical records/reports, dental records/reports and hospital records/reports, emergency room records, radiology records/reports, consultation records/reports from any health care provider or facility pertaining to the treatment of the Plaintiff, for any reason, since the date of incident, which is the subject matter of this cause, to the current date.

**RESPONSE:**

**All medical records currently in Plaintiff's possession, custody and control are attached hereto.**

14.      A copy of any and all medical records/reports, dental records/reports and hospital records/reports, emergency room records, radiology records/reports, consultation records/reports from any health care provider or facility pertaining to the treatment of the Plaintiff, for any reason, in the ten (10) years prior to the incident which is the subject matter of this cause.

**RESPONSE:**

**All medical records currently in Plaintiff's possession, custody and control are attached hereto.**

- 5 -

15.     A copy of any and all written reports rendered by any expert retained, including but not limited to, any accident reconstruction expert applicable to any and all issues in this cause.

**RESPONSE:**

**Objection, work product. Reports of experts retained for trial are not discoverable unless the expert testifies. Accordingly, disclosure of any expert reports will be made in accordance with Florida Statutes, Florida Rules of Civil Procedure, and Court Order.**

16.     Any and all drug expense statements incurred by Plaintiff as a result of the subject incident.

**RESPONSE:**

**All related bills in Plaintiff's possession, custody and control are attached hereto.**

17.     A true and correct copy of all "statements", within the meaning and definitions in Rule 1.280(b), Florida Rules of Civil Procedure, of the Defendant(s), the agents of Defendant(s) and employees, and independent witnesses, as well as to the Plaintiff; bearing on the knowledge of facts relevant and material to the claim and defenses in the instant litigation, to be produced prior to any depositions of any said persons, including, but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, of all witnesses to the incident relative to the subject matter of this action and/or any witnesses having knowledge regarding any and all facts and issues in the instant litigation.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

18.     All documentation indicating monies received by Plaintiff, from any source, for reimbursement of payment of injuries as a result of the subject incident.

- 6 -

**RESPONSE:**

**None in Plaintiff's possession custody or control**

19.     Any receipts, correspondence and/or any other documents indicating payments made to Plaintiff, or on his/her behalf for medical bills and/or loss of wages and/or loss of future earning capacity under the personal injury protection provisions of any insurance providing such benefits.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

20.     Any receipts, correspondence and/or any other documents indicating payments made to Plaintiff, or on his/her behalf for medical bills and/or lost wages and/or loss of future earning capacity incurred as a result of the instant accident, under any other policy of insurance (i.e., group insurance, disability insurance, etc.).

**RESPONSE:**

**All related bills in Plaintiff's possession, custody and control are attached hereto.**

21.     All written reports prepared by any medical experts expected to testify at the trial of this matter.

**RESPONSE:**

**Objection, work product. Reports of experts retained for trial are not discoverable unless the expert testifies. Accordingly, disclosure of any expert reports will be made in accordance with Florida Statutes, Florida Rules of Civil Procedure, and Court Order.**

22.     A true and correct copy of all tangible things within the possession, custody or control of the Plaintiff herein upon which the claims and defenses herein are based, and specifically, but not limited to, writings, drawings, graphs, charts, photographs, movies, slides,

film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or vehicles or operations which are the subject of the claims and defenses herein, so that same may be inspected, copied, tested, measured, surveyed and photographed pursuant to Rule 1.350, Florida Rules of Civil Procedure.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

23.    A true and correct color copy of any and all photographs taken as a result of the incident described in Plaintiff's Complaint, which have been fully described in your Answer to Interrogatory Number 8.

**RESPONSE:**

**None in Plaintiff's possession, custody or control**.

24.    A true and correct, legible copy of all documents and items specified in your Answers to Interrogatories as coming within Rule 1.350(c), Florida Rules of Civil Procedure, exercising the option to produce records in lieu of summary based on said records and reports.

**RESPONSE:**

**All documents specified in Answers to Interrogatories in Plaintiff's possession, custody or control are attached hereto.**

25.    A true and correct, legible copy of any and all agreements entered into by you or on your behalf with any other Defendant, person, firm, or corporation whom you contend may have some liability exposure for the subject accident or incident.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

26.     A true and correct, legible copy of any and all claims(s) and/or applications(s) along with all other documentation including medical records submitted in any written or electronic form to the Social Security Administration for disability benefits; any and all decision(s) in any form from the Social Security Administration regarding any claim for disability benefits; any and all appeal(s) and/or decision(s) from the Social Security Administration regarding any claim(s) for disability benefits; any and all decisions(s) from an Administrative Law Judge regarding any claim(s) for disability benefits.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

26.     A true and correct, legible copy (front and back) of your Driver's License.

**RESPONSE:**

**Driver License in Plaintiff's possession, custody and control is enclosed herein.**

27.     A true and correct, legible copy (front and back) of your State issued photo identification card if Driver's License is not applicable.

**RESPONSE:**

**N/A ; Driver License provided.**

28.     A true and correct, legible copy (front and back) of your Social Security Card.

**RESPONSE:**

**Social Security Card has been attached hereto.**

29.     A true and correct, legible copy (front and back) of your Medicare card.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

- 9 -

30.     A true and correct, legible copy (front and back) of your Medicare supplemental insurance plan card.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

31.     A true and correct, legible copy (front and back) of your Medicaid card, if applicable.

**RESPONSE:**

**Medicaid card through Staywell in Plaintiff's possession, custody and control is enclosed herein**

32.     A true and correct, legible copy (front and back) of your Member I.D. card issued through your specific assigned insurance company for Medicaid. (i.e., Staywell, A WellCare Company / UnitedHealthcare Community Plan)

**RESPONSE:**

**Copy of card is attached hereto.**

33.     A true and correct, legible copy (front and back) of all your insurance cards, i.e., health, supplemental, life, disability, auto or other; that were in full force and effect on the date of the incident which is the subject matter of this lawsuit.

**RESPONSE:**

**Copy of insurance cards in Plaintiff's possession, custody or control are attached hereto.**

34.     A true and correct, legible copy of any and all communication/correspondence, from one (1) year prior to this incident, up through and including the current date, from Medicare that states you are entitled to or will become eligible for Medicare benefits.

**RESPONSE:**

- 10 -

21CA002239AX

**None in Plaintiff's possession custody or control.**

35.    A true and correct, legible copy of any and all communication/correspondence, from one (1) year prior to this incident, up through and including the current date, from Medicaid that states you are entitled to or will become eligible for Medicaid benefits.

**RESPONSE:**

**Correspondence in Plaintiff's possession, custody or control is attached hereto.**

37.    A true and correct, legible copy of any and all insurance policies, i.e., health, supplemental, life, disability, auto or other; that were in full force and effect on the date of the incident which would have provided benefits or coverage to the Plaintiff for any claimed injury or damage from the subject accident or occurrence.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

38.    A copy of any and all correspondence to and from any entity making a claim for subrogation, lien, or seeking a right of reimbursement for any expenses paid to or on behalf of the Plaintiff for damages alleged in the Complaint.

**RESPONSE:**

**Correspondence in Plaintiff's possession, custody or control is attached hereto.**

39.    A copy of any and all documentation issued by the Plaintiff or Plaintiff's counsel to any healthcare provider whereby the Plaintiff agrees to protect the interest of the healthcare provider (Letters of Protection) and pay medical bills from any settlement or judgment in favor of the Plaintiff.

**RESPONSE:**

**Correspondence in Plaintiff's possession, custody or control is attached hereto.**

- 11 -

40.     If any of your medical bills have been sold to another entity, provide a copy of the purchase agreement/assignment/agreement/contract or other between the buyer and the seller (seller: your medical provider) of the medical bill(s) for each and every medical bill sold.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

41.     A copy of any and all documentation to include, but not limited to, copies of demands sent to any insurance company (there is no privilege regarding these demands since they were disclosed to the insurance company), all medical records, all photographs, all HICF forms, all billing records, all correspondence from any insurance company, a copy of all insurance policies for which Plaintiff sought medical payment from, all pleadings, responses to interrogatories, responses to request for production, deposition transcripts, a copy of any checks Plaintiff received as payment of a claim, and a copy of any release, in any other legal proceeding (i.e. presuit claim(s) and lawsuit(s)) in which the Plaintiff(s)  herein, previously claimed personal injuries.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

42.     If there are photographs which are included in the demand, please provide color photographs in their original format, on a thumb drive or a CD.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

43.     Please provide any and all findings, reports, writings, or documents reflecting any investigation by any individual or agency (including, but not limited to, an investigator or an

engineer, or other) or you or anyone acting on your behalf, regarding the cause and/or the circumstances of the occurrence as described in the complaint in this matter.

**RESPONSE:**

**Objection, work product. Reports of experts retained for trial are not discoverable unless the expert testifies. Accordingly, disclosure of any expert reports will be made in accordance with Florida Statutes, Florida Rules of Civil Procedure, and Court Order. Without waiving said objection, none in Plaintiff's possession custody or control. Discovery is ongoing.**

44.     A true and copy of Plaintiff's cellular telephone billing statement, invoices, or account history from provider's website, reflecting a detailed call log from the date of the accident, from 12:00 a.m. through 12:00 p.m., for all cellular telephones/two-way radios, or like that Plaintiff, owned and/or had in his/her possession and/or otherwise used on the date of the subject incident, whether actually owned by Plaintiff or not.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

45.     All photographs or video recordings taken at the scene of the accident; taken on the date of the accident through the current date.

**RESPONSE:**

**Objection; overbroad, unduly burdensome, unduly invasive, immaterial, irrelevant, and does not seek relevant information regarding the accident, Plaintiff's alleged injuries, and/or her alleged damages. While discovery requests are liberal, it must still be tailored so that it appears reasonably calculated to lead to the discovery of admissible evidence. Here, Defendant is engaging in the proverbial fishing expedition, in the hope that there might be**

**something of relevance. Further, this request seeks information in the possession of, known to, or otherwise equally available to the Defendant.**

46.     All photographs or video recordings taken of Plaintiff; taken on the date of the accident through the current date.

**RESPONSE:**

**Objection; overbroad, unduly burdensome, unduly invasive, immaterial, irrelevant, and does not seek relevant information regarding the accident, Plaintiff's alleged injuries, and/or her alleged damages. While discovery requests are liberal, it must still be tailored so that it appears reasonably calculated to lead to the discovery of admissible evidence. Here, Defendant is engaging in the proverbial fishing expedition, in the hope that there might be something of relevance. Further, objection as to work product. For privilege log, my attorney is in possession of four photographs taken of Plaintiff on date of incident.**

47.     All photographs or video recordings taken of Defendant; taken on the date of the accident through the current date.

**RESPONSE:**

**None in Plaintiff's possession custody or control.**

48.     If any document is withheld on any claim of privilege or otherwise, provide a Privilege Log, setting forth the following:

    (a)     the basis of the privilege claim;

    (b)     the author of the document;

    (c)     the date of the document, the recipient or intended recipient of the document;

    (d)     a brief description of the substance of the document; and

- 14 -

(e)      all persons who received copies of the document or were shown copies of the

document, along with an identification of each such

**RESPONSE:**

**See Privilege Log attached hereto.**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

submitted on this 18th day of February, 2022, to: Russell F. Bergin, Law Office of Russell F.

Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ;

christie@berginlaw.com ; lara@berginlaw.com).

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 9130 S. Dadeland Blvd, PH
> Miami, FL 33156
> Phone: (305) 661-6000
> Fax: (305) 670-7555
> Email: mwaddell@rubensteinlaw.com
>         zrodriguez@rubensteinlaw.com
>         eservice@rubensteinlaw.com
>
> By:  /s/ *Michele Waddell*
>      **MICHELE WADDELL**
>      Florida Bar No.: 116086

21CA002239AX

## **PRIVILEGE LOG**

| Date | Subject Matter | Privilege |
|---|---|---|
| 12/28/2020 | 4 photographs of Plaintiff's leg and lower extremity after fall | Attorney Client privilege, work product; |

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN,**

      Plaintiff,                          **CASE NO.: 42-2021-CA-002239**

**vs.**

**DOLGENCORP, LLC,**
**A Foreign Limited Liability Company,**

      Defendant.
_____/

**ORDER SCHEDULING CASE MANAGEMENT CONFERENCE**
**AND MEDIATION ORDER**

Pursuant to Plaintiff's Notice for Jury Trial filed on February 10, 2022, it is

**ORDERED and ADJUDGED** as follows:

1.     A Case Management Conference shall be held on **March 30, 2022 at 10:15 a.m.**

before the undersigned Judge, via ZOOM.   See ZOOM information below:

| | |
|---|---|
| Meeting URL: | https://zoom.us/j/97983209685?pwd=S1V5TFdOYmw5OGZRNlRaOU1CTDNWQT09 |
| Meeting ID: | 979 8320 9685 |
| Passcode: | 844738 |

2.     However, no later than **five (5) calendar days** prior to the scheduled hearing date,

and after reviewing the attached 2022 Pre-Trial and Trial Schedule, the Parties may file a

stipulation regarding the desired trial term **and submit a copy to the Court via email at**

**rgrubb@circuit5.org**.   Upon receipt of this stipulation, and subject to Court approval of the

proposed trial date, a Pretrial and Trial Order will issue, and the hearing will be cancelled.

**IT IS FURTHER ORDERED** that, in accordance with the <u>Florida Rules of Civil Procedure</u> 1.700-1.730 (2013), this case is hereby referred to mediation. The mediation shall take place prior to any scheduled Pretrial Conference.

1.      The parties shall immediately confer to select a mediator and to agree on the date, time, and location of the mediation conference. Plaintiff shall have ten (10) days from the date of this order to file a "Notice of Mediation Conference" with the clerk, indicating the date/time of the mediation and the selected mediator.

2.      It is preferred the parties agree upon the selection of a mediator. If the parties are unable to agree on a mediator, Plaintiff's counsel shall submit a proposed order (with appropriate blanks) and a mediator will be selected by the Court from a list of certified mediators maintained by the Court Administrator's Office.

3.      THE GENERAL RULES GOVERNING MEDIATION ARE AS FOLLOWS:

   a.      The **APPEARANCE** of the parties and their trial counsel is **MANDATORY.** **APPEARANCE MAY BE IN PERSON, BY ZOOM, OR TELEPHONICALLY.** Parties who are corporate entities must designate a management representative with full authority to enter into a full and complete compromise and settlement, who will appear at mediation. An insured party must have a fully authorized representative (not the attorney) of the insurance company attend the mediation conference.

   b.      <u>The Court will impose sanctions, including attorney fees and mediation costs, against any party who fails to attend or participate in good-faith settlement negotiations.</u>
   The parties shall devote such time as is necessary to settle or until an impasse is declared by the mediator.

c.     The parties shall adhere to any/all instructions of the designated mediator regarding presenting summations to the mediator prior to the scheduled mediation.

d.     All communications, discussions, representations, and statements made at the conference shall be privileged settlement negotiations and nothing related to the conference shall be discoverable or admissible at trial.

e.     The parties are advised that nothing in this Order shall be construed as a continuance of any matter in this case.

4.     The mediator shall be compensated at the rate of no more than $325.00 per hour, or such other amount as agreed to by all parties for each hour of mediation, which cost shall be borne equally by the parties unless otherwise ordered.

5.     _The parties are advised that any mediation completed more than one calendar year from the date of a scheduled pretrial conference shall no longer be considered as a valid mediation and the parties will be required to attend another mediation prior to this court assigning a trial date._

**DONE AND ORDERED** on this __18__ day of February 2022, in Ocala, Marion County, Florida.

Gary L San

GARY L. SANDERS
Circuit Court Judge

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy hereof has been furnished by electronic mail on this 18th day of February 2022, to all counsel of record.

R. Grubb, Judicial Assistant


**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact ADA Coordinator, Marion County Judicial Center, 110 N.W. 1st Avenue, Ocala, Florida 34475 or (352) 401-6710 at least at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**JUDGE GARY L. SANDERS**
**AMENDED 2022 PRETRIAL AND TRIAL SCHEDULE**

| PRETRIAL | TRIAL TERM |
|---|---|
| | |
| NOVEMBER 23, 2021 @ 3:00 P.M. | JANUARY 3, 2022-JANUARY 14, 2022 (2-WEEK TRIAL TERM) |
| | |
| DECEMBER 16, 2021 @ 3:00 PM | FEBRUARY 7, 2022-FEBRUARY 11, 2022 |
| | |
| JANUARY 20, 2022 @ 3:00 P.M. | MARCH 7, 2022-MARCH 25, 2022 (3 WEEK TRIAL TERM) |
| | |
| FEBRUARY 28, 2022 @ 3:00 P.M. | APRIL 4, 2022-APRIL 8, 2022 |
| | |
| MARCH 24, 2022 @ 2:00 P.M. | MAY 2, 2022-MAY13, 2022 (2 WEEK TRIAL TERM) |
| | |
| APRIL 21, 2022 @ 2:00 P.M. | JUNE 6, 2022-JUNE 10, 2022 |
| | |
| MAY 19, 2022 @ 2:00 P.M. | JULY 18, 2022-JULY 22, 2022 |
| | |
| JUNE 23, 2022 @ 2:00 P.M. | AUGUST 1, 2022-AUGUST 12, 2022 (2 WEEK TRIAL TERM) |
| | |
| | NO TRIALS IN SEPTEMBER |
| | |
| AUGUST 18, 2022 @ 2:00 P.M. | OCTOBER 3, 2022-OCTOBER 7, 2022 |
| | |
| SEPTEMBER 22, 2022 @ 2:00 P.M. | NOVEMBER 14, 2022-NOVEMBER 18, 2022 |
| OCTOBER 20, 2022 @ 2:00 P.M. | DECEMBER 5, 2022-DECEMBER 9, 2022 |

***ALL TRIALS WILL BE SCHEDULED TO GO FOR THE FIRST TRIAL OF THE TRIAL TERM.  IF THAT TRIAL TERM IS FULL, THEN YOUR CASE MAY BE BUMPED TO THE NEXT TRIAL TERM IN THE SAME MONTH.  OUR POLICY FOR ORDER OF TRIALS IS BY AGE OF THE CASE.  ALL DATES ARE SUBJECT TO CHANGE.  ALL COUNSEL ARE TO KEEP THE COURT INFORMED IF YOUR CASE SHOULD SETTLE AT ANY TIME BY EMAILING rgrubb@circuit5.org

**JUDGE GARY L. SANDERS**
**2023 PRETRIAL AND TRIAL SCHEDULE**

| PRETRIAL | TRIAL TERM |
|---|---|
| | |
| NOVEMBER 29, 2022 @ 2:00 P.M. | JANUARY 9, 2023-JANUARY 13, 2023 |
| | |
| DECEMBER 15, 2022 @ 2:00 PM | FEBRUARY 6, 2023-FEBRUARY 17, 2023 (2 WEEK TRIAL TERM) |
| | |
| JANUARY 26, 2023 @ 2:00 P.M. | MARCH 6, 2023-MARCH 10, 2023 |
| | |
| FEBRUARY 23, 2023 @ 2:00 P.M. | APRIL 3, 2023-APRIL 14, 2023 (2 WEEK TRIAL TERM) |
| | |
| MARCH 23, 2023 @ 2:00 P.M. | MAY 8, 2023-MAY12, 2023 |
| | |
| APRIL 27, 2023 @ 2:00 P.M. | JUNE 5, 2022-JUNE 16, 2023 (2 WEEK TRIAL TERM) |
| MAY 25, 2023 @ 2:00 P.M. | JULY 10, 2023-JULY 14, 2023 |
| JUNE 29, 2023 @ 2:00 P.M. | AUGUST 14, 2023-AUGUST 25, 2023 (2 WEEK TRIAL TERM) |
| | NO JURY TRIALS IN SEPTEMBER |
| AUGUST 31, 2023 @ 2:00 P.M. | OCTOBER 2, 2023-OCTOBER 13, 2023 (2 WEEK TRIAL TERM) |
| SEPTEMBER 28, 2023 @ 2:00 P.M. | NOVEMBER 13, 2023-NOVEMBER 17, 2023 |
| OCTOBER 26, 2023 @ 2:00 P.M. | DECEMBER 11, 2023-DECEMBER 15, 2023 |

***ALL TRIALS WILL BE SCHEDULED TO GO FOR THE FIRST TRIAL OF THE TRIAL TERM.  IF THAT TRIAL TERM IS FULL, THEN YOUR CASE MAY BE BUMPED TO THE NEXT TRIAL TERM IN THE SAME MONTH.  OUR POLICY FOR ORDER OF TRIALS IS BY AGE OF THE CASE.  ALL DATES ARE SUBJECT TO CHANGE.  ALL COUNSEL ARE TO KEEP THE COURT INFORMED IF YOUR CASE SHOULD SETTLE AT ANY TIME BY EMAILING rgrubb@circuit5.org

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

**PAULETTE MCLAREN**,

     Plaintiff

v.

**DOLGENCORP, LLC,**                        CIVIL DIVISION
**a Foreign Limited Liability Company**,

                                        CASE NO.:  21CA002239AX

     Defendant.

_____/

## NOTICE OF MEDIATION CONFERENCE

PLEASE TAKE NOTICE that the mediation in the above-captioned matter has been scheduled for:

| | |
|---|---|
| DATE: | February 22, 2023 |
| TIME: | 10:00 AM |
| LOCATION: | Via Zoom |
| | *Link to be provided upon reciept. |
| MEDIATOR: | Richard Lord |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 28th day of February, 2022, to: Russell F. Bergin, Law Office of Russell F. Bergin, 698 W. Highway 50, Clermont, FL 34711 (russ@berginlaw.com ; christie@berginlaw.com ; lara@berginlaw.com)

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (561) 331-5014
Email: mwaddell@rubensteinlaw.com
      zrodriguez@rubensteinlaw.com
      eservice@rubensteinlaw.com

By:  _/s/ Michele Waddell_
    **Michele Waddell**
    Florida Bar No.: 116086

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign Limited Liability Company,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING UNVERIFIED ANSWERS TO PLAINTIFF'S INTERROGATORIES

The Defendant, DOLGENCORP, LLC, by and through its undersigned attorney, hereby files this Notice of Serving Unverified Answers to Plaintiff's Interrogatories to Defendant, DOLGENCORP, LLC, numbered one (1) through twenty-two (22) in the above-styled cause, pursuant to Rule 1.340, Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

*/s/ Russell F. Bergin*

Russell F. Bergin, Esquire
Florida Bar No.: 0887560

Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney  for  Defendant,  DOLGENCORP,
LLC

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN
AND FOR MARION COUNTY,
FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## DEFENDANT, DOLGENCORP, LLC'S,
## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, DOLGENCORP, LLC, by and through its undersigned attorney,

hereby files its Response to Plaintiff, PAULETTE MCLAREN'S, Request for

Production, and would state as follows:

1.    The employee safety manual or other written document of the Defendant in
    effect on December 28, 2020, that discusses, touches, or concerns procedures
    for preventing and cleaning foreign substances such as food, liquid, etc., on the
    floor of its stores.

    **RESPONSE: Objection. Overbroad, unduly burdensome, vague as to "or
    other written document". Defendant further objects to producing
    confidential and/or proprietary information of Defendant. In as much as it
    exists, Defendant will produce this confidential and/or proprietary
    information relevant to this request without waiving the objection upon
    written agreement by Plaintiff to a Confidentiality Agreement and
    Stipulation for Protective Order which has been provided to Plaintiff under
    separate cover.**

2.     Any and all policies and/or procedures of the Defendant in effect on December 28, 2020, that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

**RESPONSE:** **Objection. Overbroad, unduly burdensome, vague as to "discusses, touches, or concerns". Defendant further objects to producing confidential and/or proprietary information of Defendant.  In as much as it exists, Defendant will produce this confidential and/or proprietary information relevant to this request without waiving the objection upon written agreement by Plaintiff to a Confidentiality Agreement and Stipulation for Protective Order which has been provided to Plaintiff under separate cover.**

3.     Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on December 28, 2020.

**RESPONSE:** **None.**

4.     Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

**RESPONSE:** **Objection. Any of the requested documents taken, gathered or prepared would have been done so in anticipation of litigation and is therefore work-product privilege. Defendant further objects as this request seeks privileged claim handling information that is also work-product. Without waiving these objections, on December 28, 2020 Assistant Store Manager, Lottie Larsen, prepared an incident report for risk management after Plaintiff reported her fall. See Defendant's Privilege Log filed under separate cover.**

5.      Any and all statements obtained from any person concerning any of the issues in this lawsuit.

**RESPONSE:** **Objection. Overbroad, ambiguous, and vague as to "any and all statements" and "any person". Any of the requested documents taken, gathered or prepared would have been done so in anticipation of litigation and is therefore work-product privilege. Defendant further objects as this request seeks privileged claim handling information that is also work-product. Without waiving these objections, on December 28, 2020 Assistant Store Manager, Lottie Larsen, prepared an incident report for risk management. See Defendant's Privilege Log filed under separate cover.**

6.      Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

**RESPONSE:** **Objection. This request assume Defendant has legal responsibility in this matter. Without waiving this objection, Defendant is self-insured and self-administered for General Liability up to $750,000. Copies of any excess or umbrella policy will be provided under separate cover.**

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the DOLGENCORP, located 1111 W. Silver Springs Blvd., Ocala, FL 34475, Marion County, on December 28, 2020, including the two-hour period before the alleged incident and the two-hour period after the alleged incident. This request includes, but it not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

**RESPONSE:** **To be provided under separate cover.**

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

**RESPONSE:** **None.**

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

**RESPONSE:  Objection.  Attorney-client  and  work-product  privilege. Requests  mental  impressions  of  counsel.  This  is  an  improper  Request  to Produce.**

10.     A list of the names and addresses (including clock-in/time records) of all employees employed at DOLGENCORP, located at 1111 W. Silver Springs Blvd., Ocala, FL 34475, Marion County, on duty on the floor/area where Plaintiff fell on the day of the incident.

**RESPONSE:  The  following  employees  were  working  at  the  time  of Plaintiff's alleged incident:**

**Bonnie Oliver, In - 04:59 – Out – 19:00, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711 Lateria MyHand, In – 08:15 – Out 16:59, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711 Lottie Larsen, In – 06:29 – Out 18:00, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711 Dominique Page, In – 06:29 – Out 15:15, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711**

11.     Any and all incident reports or incident reports pertaining to the subject incident.

**RESPONSE: Objection. Any of the requested documents taken, gathered or prepared would have been done so in anticipation of litigation and is therefore work-product privilege. Defendant further objects as this request seeks privileged claim handling information that is also work-product. Without waiving these objections, on December 28, 2020 Assistant Store Manager, Lottie Larsen, prepared an incident report for risk management after Plaintiff reported her fall. See Defendant's Privilege Log filed under separate cover.**

12.     A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

**RESPONSE: All employees working on the date of Plaintiff's alleged incident were regularly observing the store throughout the day. The following employees were working at the time or day of Plaintiff's alleged incident:**

**Bonnie Oliver, Store Manager, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711**
**Lateria MyHand, Sales Associate, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711**
**Lottie Larsen, Assistant Store Manager, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711**
**Dominique Page, Sales Associate, c/o Russell F. Bergin, Esq., Law Office of Russell F. Bergin, P.A., 698 W. Hwy 50, Clermont, FL 34711**

13.     All checklists, sign-off sheets, logbooks, etc. that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on December 28, 2020.

**RESPONSE:   All employees working on the date of Plaintiff's alleged incident were regularly observing the store throughout the day.  Documents responsive to this request have been requested and will be provided under separate cover, if exist, with appropriate redactions of any privileged information made, once received.**

14.     A copy of any report created as a result of Plaintiff's incident on December 28, 2020, that was signed and/or filled out by Plaintiff.

**RESPONSE: Objection. Any of the requested documents taken, gathered or prepared would have been done so in anticipation of litigation and is therefore work-product privilege. Defendant further objects as this request seeks privileged claim handling information that is also work-product. Without waiving these objections, on December 28, 2020 Assistant Store Manager, Lottie Larsen, prepared an incident report for risk management after Plaintiff reported her fall. Plaintiff did not complete the incident report claimed as privileged or signed the incident report claimed as**

**privileged. No Such document known. See Defendant's Privilege Log filed under separate cover.**

15.   A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on December 28, 2020.

   **RESPONSE: Objection. Any of the requested documents taken, gathered or prepared would have been done so in anticipation of litigation and is therefore work-product privilege. Defendant further objects as this request seeks privileged claim handling information that is also work-product. Without waiving these objections, on December 28, 2020 Assistant Store Manager, Lottie Larsen, prepared an incident report for risk management after Plaintiff reported her fall. See Defendant's Privilege Log filed under separate cover.**

16.   A map (aerial view) of the Defendant's store located at 1111 W. Silver Springs Blvd., Ocala, FL 34475 identifying the layout of the store as it existed on the date of the incident.

   **RESPONSE: None.**

17.   A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

   **RESPONSE: Surveillance video to be provided under separate cover to Plaintiff's counsel with camera channels and aisles on each video from each camera channel that are self-explanatory.**

18.   Any document, photograph, or video, identified in your answers to interrogatories.

   **RESPONSE: Objection. Work-product privilege regarding Incident Report. Video to be provided under separate cover to Plaintiff's counsel.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 14, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN
AND FOR MARION COUNTY,
FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

     Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

     Defendant.

_____/

## **DEFENDANT, DOLGENCORP, LLC'S, PRIVILEGE LOG**

     Defendant, DOLGENCORP, LLC, by and through its undersigned attorney,

hereby files this Privilege Log in conjunction with its Response to Plaintiff's Request

for Production, as follows:

| Date Taken | Document | Privilege |
|---|---|---|
| 12/28/2020 | One Page Incident Report prepared by Lottie Larsen, Assistant Store Manager. | Work-Product |

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that  March 14, 2022, the foregoing was filed through
the Florida Courts E-Filing Portal System, which will send a Notice of Electronic
Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com,
zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law,
P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

                        */s/ Russell F. Bergin*
                        Russell F. Bergin, Esquire
                        Florida Bar No.: 0887560

Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney  for  Defendant,  DOLGENCORP,
LLC

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN
AND FOR MARION COUNTY,
FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING
## NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

The Defendant, DOLGENCORP, LLC, A Foreign Limited Liability
Company, by and through its undersigned counsel hereby files and serves this Notice
that on March 15, 2022, the Defendant filed a Notice of Removal and Supporting
Memorandum of Law of the above-captioned case from the Circuit Court of the
Fifth Judicial Circuit in and for Marion County, Florida to the United States District
Court for the Middle District of Florida, Ocala Division, to which Notice of
Removal was attached copies of all process, pleadings and proceedings filed in this
case. A copy of the aforementioned Notice of Removal and Supporting
Memorandum of Law, with exhibits, is attached hereto as "State Exhibit A".

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 15, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

/s/ Russell F. Bergin

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

**STATE EXHBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case Number: _____

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## <u>DEFENDANT, DOLGENCORP, LLC, A Foreign Limited Liability Company's NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW</u>

      Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, by and through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. In support hereof, the Defendant states as follows:

      1.      On or about December 21, 2021, a civil action was filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida with said case being captioned *PAULETTE MCLAREN v. DOLGENCORP, LLC, A Foreign*

Page 1 of 14

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 2021-CA-2239

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign Limited Liability Company,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING
## NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

The Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, by and through its undersigned counsel hereby files and serves this Notice that on March 15, 2022, the Defendant filed a Notice of Removal and Supporting Memorandum of Law of the above-captioned case from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, to which Notice of Removal was attached copies of all process, pleadings and proceedings filed in this case. A copy of the aforementioned Notice of Removal and Supporting Memorandum of Law, with exhibits, is attached hereto as "State Exhibit A".

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 15, 2022, the foregoing was filed through the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to: Michele Waddell, Esq., mwaddell@rubensteinlaw.com, zrodriguez@rubensteinlaw.com, and eservice@rubensteinlaw.com, Rubenstein Law, P.A., 9130 S. Dadeland Blvd., PH, Miami, FL 33156.

*/s/ Russell F. Bergin*

Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Russ@berginlaw.com
Christie@berginlaw.com
Lara@berginlaw.com
Attorney for Defendant

**STATE EXHBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case Number: _____

PAULETTE MCLAREN,

      Plaintiff,

vs.

DOLGENCORP, LLC, A Foreign
Limited Liability Company,

      Defendant.

_____/

## DEFENDANT, DOLGENCORP, LLC, A Foreign Limited Liability Company's NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

      Defendant, DOLGENCORP, LLC, A Foreign Limited Liability Company, by and through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. In support hereof, the Defendant states as follows:

      1.      On or about December 21, 2021, a civil action was filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida with said case being captioned *PAULETTE MCLAREN v. DOLGENCORP, LLC, A Foreign*